CORA J. CLEAVELAND *vs.* MALDEN SAVINGS BANK.

Middlesex.    October 2, 1934. — June 26, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Deed*, Validity, Ratification.  *Mortgage*, Of real estate: validity, ratification.  *Estoppel*.  *Judgment*.  *Res Judicata*.

Where an insane person conveyed land to his son, who mortgaged it to another and later, pursuant to a decree in a suit in equity brought against him by the parent after recovering his sanity, reconveyed the land to the parent by a deed reciting that it was subject to the mortgage, the parent did not ratify the mortgage, nor was he estopped to dispute its validity, by his acceptance of the deed.

A decree in favor of the plaintiff in a suit in equity to have a deed of land from the plaintiff to the defendant declared void was not a judgment binding upon one to whom the defendant had given a mortgage of the land previous to the bringing of the suit and who was not a party thereto, nor were the issues determined in the suit *res judicata* in a subsequent suit by the same plaintiff against the mortgagee to have the mortgage declared void and discharged.

BILL IN EQUITY, filed in the Superior Court on July 30, 1926.

Certain questions were reported by *Walsh*, J., for determination by this court, as described in the opinion.

*G. M. Poland*, for the defendant.

*P. M. Foss*, for the plaintiff.

RUGG, C.J.   The defendant filed a plea to this suit in equity.   It was overruled by an interlocutory decree.   The trial judge, being of opinion that that decree so affected the merits of the controversy that it ought to be determined by the full court before further proceedings, reported its correctness.   G. L. (Ter. Ed.) c. 214, § 30.

The allegations of the bill are in substance these:  The plaintiff, on July 27, 1922, being the owner in fee simple of real estate in Malden and being also *non compos mentis*, without any consideration, signed a deed purporting to convey it to her son, who in 1923 gave a mortgage on that real estate to the defendant to secure his note to it for $3,000.   In 1924, the plaintiff brought a suit in equity

against her son, praying that her deed to him be declared void, and that he be required to reconvey to her the real estate. The case was tried before a master, who found and reported the facts as alleged. In April, 1926, a decree was entered in that suit ordering reconveyance to the plaintiff of the real estate. Pursuant to that decree the son by deed, in May, 1926, conveyed the real estate to the plaintiff. The mortgage to the defendant is alleged to constitute a cloud upon the plaintiff's title. The prayers are for a decree declaring the mortgage void and ordering the defendant to discharge it.

The plea of the defendant set up the fact (*Reilly* v. *Blackstone*, 266 Mass. 503, 507) that the deed of the real estate in question from her son to the plaintiff, in May, 1926, contained a recital that the premises were conveyed subject to the mortgage to the defendant, which the plaintiff seeks by the present suit to have avoided, and that that deed was recorded and was accepted by the plaintiff. The contention of law founded on the plea is that the plaintiff is estopped by the recital in the deed and her acceptance of it to deny the validity of the defendant's mortgage.

The principle is established that in general a grantee is estopped to deny the validity of a mortgage to which the real estate described in the conveyance to him is declared by the deed to be subject. *Johnson* v. *Thompson*, 129 Mass. 398. *Cheffee* v. *Geageah*, 253 Mass. 586, 589. *Pearson* v. *Mulloney*, 289 Mass. 508, 515. The decisions supporting that proposition have arisen mainly, if not wholly, in instances where the grantee was acquiring a new or different title. Another principle is involved in the case at bar. The deed of the plaintiff to her son was voidable because she was *non compos mentis* at the time of the execution and delivery. Such a deed is ineffectual to convey a title to land good against the grantor unless ratified and confirmed by the grantor when restored to soundness of mind. *Brewster* v. *Weston*, 235 Mass. 14, 15–16. *Hermanson* v. *Seppala*, 272 Mass. 197, 201. The plaintiff did not ratify and confirm the deed to her son, but on the contrary, on recovering her

sanity, successfully proceeded in equity against him to set aside the deed on the ground that it was a void instrument because of her mental incapacity at the time it was executed. It is not necessary to inquire whether the deed given by her son to the plaintiff was in conformity to the decree in her suit against him.  On the allegations of this bill, the effect of that decree was to declare on the record of the court that the deed was void from its inception.  If the mental incompetency of the plaintiff is established in a proceeding by which the defendant is bound, the defendant as an innocent purchaser for value from the son to the extent of its mortgage stands no better than the son and acquired no title to the land.  *Brewster* v. *Weston,* 235 Mass. 14, 17.  Since the deed of the plaintiff to the son has been declared void, she has been in truth the owner of the land at all times here material.  The real question raised by the plea is whether she has ratified or confirmed the mortgage to the defendant. The acceptance of the deed from the son after the decree in the circumstances set forth in the bill and plea cannot with any propriety be treated as an affirmation by the plaintiff of the mortgage given by the son to the defendant.  She was not acquiring title by that deed but merely removing an unwarranted cloud on her title.

The acceptance of the deed cannot rightly be treated as an estoppel against the plaintiff.  "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow.  But the doctrine of estoppel is not applied except when to refuse it would be inequitable."  *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291.  This language occurs in *Bloomfield* v. *Charter Oak Bank,* 121 U. S. 121, 135: "no estoppel in pais can be created, except by conduct which the person setting up the estoppel has the right to rely upon, and does in fact rely and act upon."  It was said in *Greenwood* v. *Martins Bank, Ltd.* [1933] A. C. 51, 57: "The essential factors

giving rise to an estoppel are . . . (1.) A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made.  (2.) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made.  (3.) Detriment to such person as a consequence of the act or omission." It is plain that under these principles the conduct of the plaintiff as set forth in the plea did not estop her from attacking the mortgage held by the defendant.

The trial judge also reported for determination his ruling to the effect that the report of the master in the suit of the plaintiff against her son was inadmissible as evidence in the present suit, and that no evidence in that case is competent except in so far as may tend to prove admissions on the part of the present plaintiff.  It is contended that the report is admissible on the doctrine of *res judicata.*  A judgment on the merits in an earlier proceeding between the same parties is a bar, as to every issue that in fact was or in law might have been litigated, to a later proceeding on the same cause of action.  *Foye* v. *Patch,* 132 Mass. 105, 110.  *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 46. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 217–218.  *Hopkins* v. *Treasurer & Receiver General,* 276 Mass. 502.  *Knowlton* v. *Swampscott,* 280 Mass. 69, 73.  The rights of the defendant were acquired and became vested before the prior suit was instituted.  Its mortgage had become a matter of public record.  The defendant was not made a party to the prior suit.  It was given no notice of that suit.  It has never had its day in court as to the matters in issue in that suit or in the present bill.  On general principles it is not bound by the judgment in that suit.  It would open the way to great injustice if the rights of an innocent mortgagee could be jeopardized without notice or opportunity to be heard by litigation between a grantor and grantee such as is shown by the earlier suit. Instances are not infrequent where rights of owners in real estate are not affected by litigation between other parties to the title.  *Colton* v. *Smith,* 11 Pick. 311.  *Brewer* v. *Hardy,*

22 Pick. 376. *Inman* v. *Mead*, 97 Mass. 310. "Ordinarily, nothing which a grantor does or suffers to be done can affect rights previously vested in his grantee, and the general principle is well settled that subsequent transactions between such grantor and others, whether in or out of court, are not to affect previously granted rights. *Dooley* v. *Potter*, 140 Mass. 49." *Shores* v. *Hooper*, 153 Mass. 228, 230. The relations between the defendant as mortgagee and the son of the plaintiff as mortgagor are not such in these circumstances as to make them privies so that the defendant is bound by the judgment in the earlier suit. *Bemis* v. *Clark*, 11 Pick. 452, 454. The case at bar is distinguishable from *Adams* v. *Barnes*, 17 Mass. 365, and *O'Neil* v. *Topping*, 242 Mass. 534, where in substance and effect the parties were bound as privies because of succession in title arising after judgment.

> *Interlocutory decree overruling plea affirmed.*
> *Ruling as to inadmissibility of report of*
> *master in earlier suit affirmed.*