FRANK M. SARACENO & others *vs.* CITY OF PEABODY & others. June 21, 1973. This is an appeal from an order of the Superior Court for dismissal of a petition for writ of mandamus. The petitioners seek an order requiring the respondent Peabody board of registrars and the Peabody city council to "place the measure of the Peabody City Council dated March 31, 1970, regarding the ... Centennial Park Bond Order of $1,500,000 upon the ballot at the next biennial municipal election to be held in November of 1973." By this proceeding the petitioners seek once again to prevent the Peabody Redevelopment Authority's implementation of the Centennial Park Urban Renewal Project. In a prior attempt a petition for a writ of mandamus was brought against the city of Peabody, the members of the city council, the board of registrars, and the city clerk seeking to compel certification that the Centennial Industrial Park bond order was disapproved by the voters because it failed to carry by an affirmative vote of at least one third of the total registered voters of the city. In a companion case the same petitioners brought a bill in equity against the same defendants and also the mayor, the city treasurer, the city auditor, and the Peabody Redevelopment Authority seeking injunctive relief against the issue and sale of bonds and a declaratory judgment that the project was illegal. The trial court sustained demurrers in both cases and on appeal the order sustaining the demurrer was affirmed in the mandamus proceeding as were interlocutory and final decrees in the equity case. *Saraceno* v. *Peabody,* 361 Mass. 696. While the legal arguments propounded by the petitioners in the instant case are different from those presented in the prior case, *Saraceno* v. *Peabody, supra,* it is clear that the cause of action is the same. The petitioners are

essentially the same; the respondents were also respondents in the earlier actions; the underlying facts are the same; the same sections of the Peabody city charter[1] are involved; and the type of relief sought is the same. The judgment on the merits in the earlier proceeding is conclusive as to every issue that in fact was or in law might have been litigated, and is a bar to this proceeding on the same cause of action. *Cleaveland* v. *Malden Sav. Bank,* 291 Mass. 295, 298. *Willett* v. *Webster,* 337 Mass. 98, 102. See Restatement: Judgments, § 63, especially comment e. The judge below was correct in ordering the petition dismissed.

*Order affirmed.*

*Emmanuel N. Papanickolas* for the petitioners.

*George Ankeles* for the intervener Peabody Redevelopment Authority.

*Charles J. Speleotis,* Assistant City Solicitor, for the city of Peabody & others.

---

[1] Special Statute 1916, c. 300, §§ 46, 47, and 48.