GLADSTONE BROTHERS, INC. & others *vs.* BOARD OF HEALTH OF SALISBURY & another (and a companion case). February 17, 1976. The plaintiffs' contention that certain of the findings of the trial judge underlying the order for dismissal of their petition for a writ of mandamus were "against the weight of the evidence" presents no question of law, as findings in a mandamus proceeding which depend on the credibility of witnesses (which is the case here) will not be disturbed unless plainly wrong. *Powers* v. *Building Inspector of Barnstable,* 363 Mass. 648, 650 (1973). The findings as to the board's motivation in denying the plaintiffs' application for a sewage disposal permit and the reasonableness of its action, if not required by the evidence, were certainly not plainly wrong. Compare *Glen Ave. Realty Corp. Inc.* v. *Director of Pub. Health of Wilmington,* 358 Mass. 443 (1970). The contention that no such permit was required is grounded on the assumption that the proposed facility was not an "individual sewage disposal system" within the meaning of Regulation 1.1 of art. XI of the State Sanitary Code and on the further assumption that a subordinate official in the Department of Public Health had the power to waive the permit requirement of Regulation 2.1. To the extent that the first of those assumptions is one of fact as to the construction and character of the proposed sewage disposal system, it is not supported by any finding made by the trial judge, and we are not prepared to supply such a finding on the basis of the meager evidence before us on the subject. Cf. *P & D Serv. Co. Inc.* v. *Zoning Bd. of Appeals of Dedham,* 359 Mass. 96, 100-103 (1971). The second assumption is unwarranted by (and, we think contrary to) the terms of art. XI. The plaintiffs were not entitled to their requested rulings numbered 1, 11 and 13 for the reasons stated in *Cameron* v. *Buckley,* 299 Mass. 432, 434 (1938). Compare *Structural Systems, Inc.* v. *Siegel,* 3 Mass. App. Ct. 757, 758 (1975). Their requested ruling numbered 9 gives a statement of the law which is completely at odds with Regulation 2.1, and hence erroneous. We need not consider the propriety of the interlocutory decree sustaining the demurrer to the plaintiffs' bill for declaratory relief as to one of the defendants in the companion case, as the plaintiffs could have suffered no prejudice thereby. The two cases involved identical parties and identical factual and legal issues, and the plaintiffs' lack of success in the mandamus case would have required the same outcome on the merits in the companion case. See *Saraceno* v. *Peabody,* 1 Mass. App. Ct. 834 (1973). The plaintiffs' appeal from the order for decree in the companion case is not properly

before us. *Cassani* v. *Planning Bd. of Hull,* 1 Mass. App. Ct. 451, 458 (1973). In the mandamus case the order for judgment dismissing the petition is affirmed, and judgment is to be entered dismissing the petition. In the companion case the interlocutory decree on the defendants' demurrer and the judgment are affirmed.

*So ordered.*

*Charles G. Rancourt* (*Donald J. Cregg* with him) for Gladstone Brothers, Inc. & others.

*William J. O'Flaherty, Jr.,* Assistant Town Counsel, for the Board of Health of Salisbury & another.