Celia DENOFRE, Plaintiff-Appellant,

v.

TRANSPORTATION INSURANCE RAT-
ING BUREAU, Defendant-Appellee.

No. 75–1507.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 13, 1976.

Decided March 26, 1976.

Irving M. King, Chicago, Ill., for plain-
tiff-appellant.

Kalvin M. Grove, Chicago, Ill., for de-
fendant-appellee.

Before SWYGERT and CUMMINGS, Cir-
cuit Judges, and EAST,* Senior District
Judge.

PER CURIAM.

The plaintiff-appellant (Denofre) appeals
from the Judgment of Dismissal of her
cause entered by the District Court on
March 3, 1975 following the granting of the
defendant-appellee's (Bureau) Rule 41(b)
motion to dismiss. We vacate the Judg-
ment of Dismissal and remand.

* Honorable William G. East, Senior United States District Judge for the District of Oregon,
sitting by designation.

In view of our ultimate disposition of this appeal, we deem it unnecessary to give a narrative of the evidence adduced in support of Denofre's alleged cause, except to say that Denofre was under the employment of the Bureau and was discharged from her employment.

Denofre seeks redress from alleged violation of various provisions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), *et seq.*) in that her:

(1) various changes of tasks and ultimate discharge from employment were in retaliation for her filing of charges of sex discrimination against the Bureau; and

(2) salary and other terms and conditions of her employment provided by the Bureau were inferior to those provided for male employees in substantially equivalent positions.

Denofre further seeks redress for Bureau's alleged breach of her contract of employment.

We believe the single issue on appeal is: Did the District Court substantially comply with the making of findings of fact and conclusions of law requirement of Rule 52(a) as necessitated by Rule 41(b)?

The Bureau joined issue with Denofre's complaint and the cause was tried to the District Court sitting without a jury. At the close of Denofre's presentation of her case in chief, the Bureau moved pursuant to Rule 41(b) for dismissal of the cause. The District Court declined to render any judgment until the close of all the evidence. At the close of all the evidence on behalf of each party, the Bureau renewed its earlier motion to dismiss, which was granted.

We are satisfied from our perusal of the evidentiary record submitted that the evidence of the parties in support of their respective positions was in conflict and the cause was required to be submitted to the District Court on its merits.

■ We agree that in reviewing the findings of fact entered by a District Court in support of its conclusions of law and ultimate judgment, this court is bound in its review by the "clearly erroneous" test under Rule 52(a). *Zenith Corp. v. Hazeltine*, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969). However, the difficulty we face is determining whether the District Court entered any findings of specific evidentiary and ultimate facts which can be judiciously reviewed under the clearly erroneous rule in light of the evidence in the case.

The following oral statements entered by the District Court immediately upon the renewal of Bureau's Rule 41(b) motion are the only ones we glean from the record which constitute any semblance of findings of specific evidentiary or ultimate fact:

"The court finds that there is no violation or any discrimination on the basis of sex [more properly a conclusion of law], and the court further finds that the fact that she filed these complaints, she was not fired for those reasons, she was fired because her employer thought, apparently, that having hired a woman in the first place, having gone to some efforts to get her to come, having paid her substantially more than her predecessor of twenty-three years had been paid when she came there, and taking into consideration his statement that he will take into consideration her demand for a raise, that her services were unsatisfactory regardless of the fact that she is a woman, regardless of the fact that she made complaints to E.O.C., and for that reason your motion to dismiss at the end of all of the evidence is granted."

Thereafter Denofre moved for reconsideration, and the District Court entered its written order of denial stating:

"After reviewing all matters of record, I affirm my conclusion that Plaintiff failed to demonstrate at trial that her discharge from Defendant's employ was either the result of unlawful discrimination or an actionable breach of contract. In short, she simply did not present persuasive, credible evidence in support of her charges."

■ Rule 41(b) requires the District Court, rendering judgment on the merits against a plaintiff on a motion to dismiss, to

"make findings as provided in Rule 52(a)." Rule 52(a) provides in such a situation that the District Court "shall find the facts specially and state separately its conclusions of law thereon, . . ..''

■ We hold that substantial compliance with the fact-finding requirements of Rule 52(a) necessitates that the findings of fact on the merits include as many of the subsidiary facts as are necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue. 9 Wright and Miller, Federal Practice and Procedure § 2579, at 710, n. 31, citing *Dearborn Nat. Cas. Co. v. Consumers Petroleum Co.,* 164 F.2d 332, 333 (7th Cir. 1947). *Cf. United States v. Shaheen,* 445 F.2d 6, 10 (7th Cir. 1971).

The only findings of fact in anywise made and entered by the District Court were those as expressed in the foregoing oral statement and written order of denial of Denofre's motion to reconsider which fail to disclose to us the steps by which the District Court reached its ultimate conclusion on each factual issue.

■ We conclude that the District Court did not substantially comply with the findings of fact and conclusions of law requirements of Rule 52(a) as necessitated by Rule 41(b).

The Judgment of Dismissal entered by the District Court is vacated and the cause is remanded to the District Court for the making and entering of findings of fact and conclusions of law upon the evidentiary record as now made, or further properly extended and amplified, in conformity with Rule 52(a).

JUDGMENT VACATED AND REMANDED WITH INSTRUCTIONS.

SWYGERT, Circuit Judge (dissenting).

The record shows a number of undisputed facts. In July 1971 the plaintiff was hired to replace Mrs. Irene Dormin who had worked in defendant's Inland Marine Department since 1947 and intended to retire. Prior to her being hired the plaintiff had worked for Batelle Institute in Columbus, Ohio; upon her employment with Inland she moved to Chicago.

The plaintiff worked with Mrs. Dormin for a year and took courses at the Insurance Institute of America at the suggestion of the defendant's assistant general manager. In July 1972 Mrs. Dormin retired and was replaced by the plaintiff.

The plaintiff commenced work at a salary of $8400 per year and received a raise to $9,149.92 per year at the end of June 1972. Her male coworkers received annual raises in January 1973; she received no raise at that time. In 1972 plaintiff's male coworkers, Mr. Stretch and Mr. Oram, were receiving annual salaries of $13,000 and $10,000 respectively. Mr. Stretch had commenced work for the defendant in March 1973 and Mr. Oram in November 1970.

About July 1, 1973 plaintiff requested a raise without specifying any amount. Defendant's general manager said her salary would be reviewed at the end of the year. On July 9, 1973 plaintiff filed charges of unfair employment practice with the Illinois FEPC and in October 1973 she filed charges pursuant to Section 703, Title VII, Civil Rights Act of 1964,[1] 42 U.S.C. § 2000e–2, with the EEOC alleging that defendant discriminated against her in salary and terms and conditions of employment on the grounds of sex.

On November 30, 1973, six weeks after filing the charges with the EEOC, plaintiff was discharged by the defendant. At that time the general manager read a statement to her explaining the reasons for her termination. A copy was not furnished the plaintiff at that time.[2]

---

1. Section 703(a) reads:

It shall be an unlawful employment practice for an employer . . . (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, condi- tions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

2. The statement reads:

November 30, 1973

Memorandum for Confidential File

After her discharge the plaintiff brought this action. She contends the defendant's conduct is cognizable under Section 704(a) of Title VII of the Civil Rights Act of 1964,[3] 42 U.S.C. § 2000–3(a).

The case was tried in March 1975. The district court heard witnesses called by the respective parties. The testimony was in dispute on some matters, but, in the main, it related to purported conduct on the part of the plaintiff or the general manager, countered by explanations for such conduct. Upon being presented by defendant's motion at the conclusion of the evidence to dismiss the case, the trial judge made the following statement:

These days, everytime a woman or a black or a Latino or an elderly person or a young person loses his job, it is a violation these days that their civil rights have been violated, and they flood the federal court not only here but throughout the country and this is a new way of trying to retain your job, regardless of why they are released.

Defendant's counsel began to speak in support of his motion after concurring in the judge's statement. Before he had finished, the judge made the statement quoted at page 3 of the majority opinion. The following colloquy ensued:

Mrs. Bellows [counsel for plaintiff]: Your Honor, may I ask for a reconsideration of that motion? I had no chance to make a statement.

The Court: I have heard the evidence. It took a day and a half and I don't need any arguments in a case of that duration.

The above recital of facts and occurrences demonstrate without the need for elaboration why the judgment for the defendant should be reversed and the case remanded for a new trial under the provisions of Circuit Rule 23.

---

Re: Celia M. Denofre

You will recall that about the first of last July, you came into my office the first thing in the morning and demanded a substantial increase in salary. I informed you at that time that your salary would not be reviewed until the end of the year, along with salaries of other technical and managerial employees.

Your demand for a *substantial* increase in salary, however, immediately focused my attention upon your job and your contribution to the Bureau. Quantitatively, I find that there is not enough work involved to keep a diligent person fully employed. It is actually a part-time job. Qualitatively much of this work is basically more of a clerical nature than a technical nature and had been performed on this level for many years before you came on the job. Your performance, on the whole, has been fairly satisfactory, considering the lack of experience you have brought to the job.

All things considered, I cannot give you a substantial increase nor, in fact, any increase at all at this time. It is my conclusion that your job is presently overpaid when weighed against its contribution to the operation of the Bureau.

Furthermore, as you undoubtedly know, the Bureau has lost many of its larger companies and with them the generous operating surpluses we have been accustomed to at the end of each year. We are going to be compelled to control our expenses as we have never had to before and payroll makes up just about half of our operating cost.

My evaluation of your position and the duties you perform has brought me to the decision that it would be in the best interest of the Bureau to eliminate your position and to assign your duties to present employees. The salary dollars thereby freed will enable us to add another clerical worker, which we desperately need much more than we do a person at your salary and in your position.

Even if we retained you in our employ at your present salary, you would be dissatisfied and openly unhappy. So we are eliminating your position at 4:30 P.M., November 30, 1973 and releasing you immediately to seek employment elsewhere in the hope that you can find a position in which the salary will be commensurate with the qualifications which you feel you have to offer.

I have here two checks. One pays you through next Tuesday, the end of the present pay period. The other is for two weeks in advance, which is in lieu of two weeks notice. May I have your key to the office door and to your desk, please. Your employment by the Transportation Insurance Rating Bureau is terminated as of now.

W. D. Weed
General Manager

**3.** Section 704(a) reads:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.