SHARON RAPP *vs.* DENISE BARRY. August 18, 1986. *Practice, Civil,* Trial jury-waived, Findings by judge, Counsel fees.

Denise Barry (landlord) appeals from a judgment of the Housing Court Department[1] awarding Sharon Rapp (tenant) $1,200 in damages plus costs and attorney's fees ($400) for violation of the statutory quiet enjoyment of her leased premises. G. L. c. 186, § 14.[2] We transferred the appeal to this court on our own motion. Because we conclude that the findings of fact contained in the judge's "Findings and Order" do not comply with Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974), we remand for further findings of fact.

Rule 52 (a) mandates the court in a nonjury trial to "find the facts specially and state separately its conclusions of law thereon."[3] See *Simon* v. *Weymouth Agricultural & Indus. Soc'y,* 389 Mass. 146, 148-149 (1983). The findings by the judge must contain "as many of the subsidiary facts as are necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." *Denofre* v. *Transportation Ins. Rating Bureau,* 532 F.2d 43, 45 (7th Cir. 1976). See *Grover Hill Grain Co.* v. *Baughman-Oster, Inc.,* 728 F.2d 784, 792-793 (6th Cir. 1984). The findings will not be disturbed unless "clearly erroneous." Rule 52 (a). " 'In applying the

---

[1] This case began in the small claims session of the Housing Court. See G. L. c. 218, § 21 (1984 ed.). Judgment entered for the tenant. Pursuant to G. L. c. 218, § 23 (1984 ed.), the landlord appealed for a trial de novo in which the finding below was treated as prima facie evidence against the landlord.

[2] General Laws c. 186, § 14 (1984 ed.), imposes both criminal and civil penalties on a landlord who "willfully or intentionally" fails to furnish certain essential services or who "directly or indirectly interferes with the quiet enjoyment of any residential premises." The act provides for actual and consequential damages or three months' rent, whichever is greater, and costs, including attorney's fees.

[3] The rule also states that "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." We have not decided, and we need not do so here, whether this phrase should be interpreted to exclude documentary evidence from the "clearly erroneous" standard, as was our prerules practice, or whether we should follow the Federal construction of Fed. R. Civ. P. 52(a) (1985) and "apply the 'clearly erroneous' test 'to all findings, regardless of the nature of the evidence.' " *Strand* v. *Herrick & Smith,* 396 Mass. 783, 789 n.6 (1986), quoting *First Pa. Mortgage Trust* v. *Dorchester Sav. Bank,* 395 Mass. 614, 621 n.11 (1985). See *Anderson* v. *Bessemer City,* 470 U.S. 564 (1985).

clearly erroneous standard to the findings of a [judge] sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues *de novo.*'" *First Pa. Mortgage Trust* v. *Dorchester Sav. Bank*, 395 Mass. 614, 621 (1985). See *Miller* v. *Mercy Hosp., Inc.*, 720 F.2d 356, 361, 369 (4th Cir. 1983), cert. denied, 470 U.S. 1083 (1985).

The judge stated that "[t]he facts support the plaintiff's contention that the defendant breached her implied warranty of habitability. The landlord's own testimony indicates that the work performed amounted to rehabilitation. The interference with the tenant's right to quiet enjoyment was substantial." The judge determined that "the landlord acted in a reckless manner by renting out an apartment in which rehabilitation was to be undertaken." These ultimate findings are unaccompanied by any subsidiary findings of fact, although there is evidence which, if believed by the judge, supports the judge's conclusions.

Where evidence is conflicting,[4] ultimate conclusions are insufficient because they lack "detail and exactness." *EEOC* v. *United Va. Bank/Seaboard Nat'l*, 555 F.2d 403, 406 (4th Cir. 1977). See *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 630 n.7 (1977); *O'Neal* v. *Gresham*, 519 F.2d 803, 805-806 (4th Cir. 1975). Requiring the trial judge carefully to consider and to make subsidiary findings of fact on each issue decided gives the appellate court a clear understanding of the judge's reasoning and the basis of his decision. See *Alpha Distrib. Co.* v. *Jack Daniel Distillery*, 454 F.2d 442, 453 (9th Cir. 1972), aff'd after remand, 493 F.2d 1355 (9th Cir.), cert. denied, 419 U.S. 842 (1974). See generally 9 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2579 (1971).

Assuming, without deciding, that the award of attorney's fees is correct, there are no findings by the judge on what factors were used to determine the attorney's fees. A judge must make findings on the award of attorney's fees. See *Darmetko* v. *Boston Hous. Auth.*, 378 Mass. 758, 764 (1979); *Marable* v. *Walker*, 704 F.2d 1219, 1222 (11th Cir. 1983).

The case is remanded to the Housing Court for further findings of fact. After the findings are filed, the losing party may appeal anew to the Appeals Court. See Mass. R. A. P. 3, as amended, 397 Mass. 1228 (1986), and Mass. R. A. P. 4, as amended, 395 Mass. 1110 (1985). This appeal is dismissed.

*So ordered.*

*Joan L. Fischer* for the defendant.
*Marc G. Melikian*, for the plaintiff, submitted a brief.

---

[4] There is conflicting evidence as to the nature and extent of the interruption of services which needs to be resolved. For example, the parties differ on the length of time the kitchen stove and sink were disconnected, the amount of debris left by the workmen, and their use of the tenant's bathtub to clean themselves and their tools. Similarly, the parties differ on the meaning and the weight to be given to the housing inspector's report which indicates that there were two code violations but that no action was taken because of the renovations. It is unclear whether the judge considered the report.