LoConto, PJ.
This is an action by the home builder, Celebrity Builders, Inc. (“Celebrity”), against the homeowners, Joseph and Ana Fernandes (the “Fernandes”), seeking money owed under theories of breach of contract and unjust enrichment. Specifically, Celebrity brought suit to recover the balance owed for constructing a new home for the Fernandes in Ludlow, Massachusetts. The Fernandes counterclaimed alleging breach of contract, breach of warranty, negligence and misrepresentation. It is undisputed that $215,000.00 had been paid by the Fernandes, but Celebrity claimed that an additional sum of $30,631.00 was due for extra work performed. The counterclaim of the Fernandes presents issues involving improper construction of a brick veneer wall. After a bench trial, judgment entered in favor of Celebrity in the amount of $29,181.00, and in favor of the Fernandes on the first two counts of their counterclaim, but only in the nominal amount of $100.00. Aggrieved by the court’s decision, the Fernandes commenced this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal. The discussion begins by addressing two procedural issues raised by the appellee.
Preservation of Appellate Rights. At the trial’s conclusion, the parties filed requests for findings of fact and rulings of law. The trial judge responded with a memorandum explaining the agreement between the parties and acknowledging the allowances, extras and credits due. He carefully and clearly itemized each contested issue and made detailed findings before assigning any liability. In addition, the judge addressed the Fernandes’ ninety-eight Proposed Findings of Fact and Conclusions of Law. In response to the trial judge’s findings and rulings, the Fernandes filed a notice of appeal. Celebrity now requests that we dismiss the appeal for the Fernandes’ failure, prior to the filing of the notice of appeal, to file a motion to alter or amend the judgment, for a new trial, or for an additur.[2]
The Fernandes could have filed a motion to amend the court’s findings pursuant to Mass. R. Civ. R, Rule 52 (d), or a motion for a new trial pursuant to Mass. R. Civ. E, Rule 59. Timely filed motions would have tolled the normal appeal period.[3] “[Qjuestions concerning inadequate or excessive damages are initially within the *167 discretion of the trial judge and should ordinarily be raised by bringing a motion for a new trial.... Where there is a failure to do so, we are ... not required to consider this issue on this appeal.” Shafir v. Steele, 431 Mass. 365, 371 (2000), quoting Pridgen v. Boston Hous. Auth., 364 Mass. 696, 715 (1974), citing Parker v. Lewis J. Bird Co., 221 Mass. 422, 426 (1915); Casillo v. Worcester Area Transp. Co., 2001 Mass. App. Div. 113, 115. However, the failure to bring such motions is not fatal to our decision to consider the appeal. Where, as here, the appellant asks us to review the award of damages on the claim and counterclaim, we do so with the clear understanding that damages are always a question of fact and as such are rarely reviewable by an appellate court. Freeman v. Marchi, 30 Mass. App. Dec. 114 (1965). “An award of damages will not be disturbed on appeal ‘unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law.’” Anzalone v. Strand, 14 Mass. App. Ct. 45 (1982), quoting Bartley v. Phillips, 317 Mass. 35, 43 (1944).
Requests for Rulings of Law. It is well settled that the general method for a party to obtain Appellate Division review of a ruling or decision of a judge hearing a case without a jury is the filing of appropriate requests for rulings of law. Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 250. The requirements for obtaining such a ruling and the manner of composing requests can be found in Mass. R. Civ. P., Rule 64A. The Fernandes did file requests entitled “Proposed Findings of Fact and Conclusions of Law.” Forty-three requests examined the plaintiffs case and fifty-five were filed with respect to the counterclaim. The trial judge responded to twenty-one requests in total, correctly categorizing the balance as requests for findings of fact, or requests for mixed conclusions of fact and law. However, none of the requests addressed the principal issue on appeal; that is, whether Celebrity breached the contract and the warranty by its failure to construct the brick veneer walls in accordance with plans, and failed to comply with state and local building codes. The testimony at trial and the introduction of various building codes attempted to demonstrate that Celebrity failed to construct the brick veneer wall properly. The appellants advanced this issue in their brief and during argument. This issue dominated the purpose of the appeal. However, the Fernandes failed to test the correctness of their position by asking the trial judge to rule on specific requests. Nor did they file a request to address the sufficiency of the evidence in accordance with Rule 64A(b). Nevertheless, where the trial judge has made findings of fact, we will review the correctness of his decision on a “clearly erroneous” basis by considering whether the findings are so lacking in support in the record that they cannot stand. Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 174.
Analysis. “In all actions tried upon the facts without a jury,... the court may find the facts specially and state separately its conclusions of law thereon. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.” Mass. R. Civ. R, Rule 52 (c). We will not set aside or “review questions of fact found by the trial judge, where such findings are supported ‘on any reasonable view of the evidence, including all rational inferences of which it was susceptible.’ Bowers v. Hathaway, 337 Mass. 88, 89 (1958).” First Pennsylvania Mortg. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 624 (1985), quoting T.L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1976). Here, the trial judge authored a detailed finding addressing the original agreement between the parties, describing the contractual terms and articulating the areas of disagreement. With respect to the brick veneer wall, the essence of the appellee’s claim, the trial judge made specific findings, acknowledg *168 ing the deficiency in the installation of the flashing and weep holes in violation of the Building Code. However, the trial judge found that the weep holes could have been externally drilled without difficulty and that the Fernandes did not prove that the cracks in some bricks were caused by faulty installation. He also found that the Fernandes rejected Celebrity’s offer to replace cracked bricks and install weep holes. The evidence permitted the judge’s determination that the Fernandes failed to prove that the cracks in some of the bricks were caused by faulty installation. The trial judge explained how he determined the amount of damages awarded to Celebrity after considering the balance due against the original contract price, adjusting for the extras and credits. We are satisfied that the trial judge’s findings with respect to Celebrity’s claim are supported by the evidence.
As to their counterclaim, the Fernandes offered the testimony of a civil engineer to support their assertion that the cracks in the bricks were the result of the installation. They also offered the testimony of a masonry contractor. This contractor testified that the cost to remove and replace the brick veneer wall was $82,268.00. Although he testified that it was possible to use a saw to cut out individual cracked bricks and replace them, no evidence was offered calculating this cost. The only evidence offered was the cost to remove and replace the brick veneer wall. The trial judge was unpersuaded that full removal and replacement was required. He specifically found that the Fernandes failed to prove that cracks in some of the bricks were caused by improper installation. As a result the trial judge could only award nominal damages on the counterclaim for the failure of Celebrity to install flashing and weep holes. The judge’s findings with respect to the counterclaim are supported by the evidence.
Appeal dismissed.
So ordered.

 The request to dismiss first appeared in the appellee’s brief. The Fernandes could not have anticipated the issue in its appellants’ brief, however, they never attempted to confront the matter in a reply brief. The Fernandes’ counsel did respond to the issue during oral argument.

 Rule 59(a) incorporates the remittitur and additur provisions formally found in G.L.c. 231, §127.