Cote, J.
The appellant asserts in this Dist./Mun. Cts R. A. D. A., Rule 8C, appeal that the trial judge committed an error of law by failing to make specific findings with respect to his affirmative defenses. For the reasons stated below, we find that *15 the trial judge’s findings are not clearly erroneous and dismiss the appeal.
The appellant, Ronald Zueco (“Zueco”), entered into a commercial lease agreement with the appellee, 31-35, LLC (“Landlord”). Under the lease terms, Zucco’s tenancy was to begin at either the “completion of the Landlord’s Work” or “commencement of the Tenant Construction.” Zueco began renovating his unit, and the Landlord demanded rent pursuant to the terms of the lease. Zueco refused to pay the rent, and the Landlord sued. Zucco’s answer to the Landlord’s complaint raised the affirmative defenses of economic duress and estoppel. A bench trial was held. Following the close of the evidence, Zueco filed proposed findings of fact and conclusions of law on his two affirmative defenses.[3] Thereafter, the trial judge issued a four-page memorandum, which contained findings of fact and a recitation of his legal reasoning. With respect to Zucco’s requests for findings and conclusions of law, the judge stated the following: *16 “Affirmed, but the court does not so find.” On appeal, Zueco argues that the judge’s findings failed to address the application of the law of duress and estop-pel to any of the evidence that he submitted at trial.[4]
Zucco’s appeal implicates two commonly misunderstood rules of civil procedure, Rules 52(c) and 64A. Under Rule 52(c), a District or Boston Municipal Court judge in a jury-waived trial may make a general finding or findings of fact. Rule 64A provides the parties with “a means of requiring the District Court judge to announce the rulings of law on which [his or her general finding] is based in order to determine if legal error may have occurred.” Reporter’s Notes to Mass. R. Civ. R, Rule 64A. In the absence of a request for a ruling of law that the evidence was legally insufficient to warrant a finding or that the evidence instead required a finding in the appellants favor, or a Mass. R. Civ. R, Rule 41(b) (2) motion for involuntary dismissal, the aggrieved party forfeits any right to appellate consideration of whether the evidence adduced at trial supported the court’s findings. Macone Bros. v. Strauss, 1997 Mass. App. Div. 95, 96, citing Reid v. Doherty, 273 Mass. 388, 389 (1930); Murphy’s Express, Inc. v. EBPJ, Inc., 1995 Mass. App. Div. 146, 148; Victor Co. v. Chiozzi, 1994 Mass. App. Div. 240, 240-241.
If made, findings of fact will not be set aside unless clearly erroneous, giving due regard to the court’s opportunity to judge the credibility of the witnesses. Mass. R. Civ. R, Rule 52(c). Findings of fact are clearly erroneous if “unsupported by the trial evidence or tainted by error of law.” Macone, supra at 96, citing Starr v. Fordham, 420 Mass. 178, 186 (1995); Williams v. Resolution GGF OY, 417 Mass. 377, 381 (1994); Kendall v. Selvaggio, 413 Mass. 619, 620-621 (1992); Lundgren v. Gray, 41 Mass. App. Ct. 451, 456-457 (1996). We will not set aside or “review questions of fact found by the trial judge, where such findings are supported ‘on any reasonable view of the evidence, including all rational inferences of which it was susceptible.’ Bowers v. Hathaway, 337 Mass. 88, 89 (1958).” First Pa. Mtge. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 624 (1985), quoting T.L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1976). See also Celebrity Bldrs., Inc. v. Fernandes, 2005 Mass. App. Div. 166, 167.
Over the years, District Court judges have developed the practice of supplementing general findings with informal summaries of relevant facts and conclusions of law. See Stigum v. Skloff, 433 Mass. 1011 (2001) (‘The judge’s brief (two-page) memorandum of decision does not constitute findings of fact under Mass. R. Civ. R, Rule 52(c) ... from which the plaintiff may appeal. It is an informal summary of his reasons, a device commonly used in the District and Boston Municipal *17 Court Departments for the benefit of the parties.”)-[5] As stated above, an appeal of a court’s general finding is limited to its rulings of law.
In this case, the trial judge’s extensive four-page memorandum convinces us that he intended to, and in fact did, go beyond the scope of a general finding. Accordingly, we examine the evidence, as recorded and transcribed, Zucco’s Rule 8C (e) Statement of the Evidence,[6] and the judge’s rulings of law to determine if his factual findings and legal reasoning were clearly erroneous. The trial judge’s decision will not be disturbed if it “con-taints] ‘as many of the subsidiary facts as are necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.’” Rapp v. Barry, 398 Mass. 1004 (1986), quoting Denofre v. Transportation Ins. Rating Bur., 532 F.2d 43, 45 (7th Cir. 1976). “Where evidence is conflicting, ultimate conclusions are insufficient because they lack ‘detail and exactness.’” Id. at 1005, quoting E.E.O.C. v. United Va. Bank/Seaboard Nat'l, 555 F.2d 403, 406 (4th Cir. 1977). The judge is not required to make extensive detailed findings, but must articulate the essential grounds of his decision. Draleau v. Crathern Eng’g Co., 1996 Mass. App. Div. 1, 2. See Commonwealth v. One 1969 Mercedes-Benz Automobile, 375 Mass. 663, 666 n.3 (1978) (remand unnecessary to remedy judge’s failure to make findings and rulings when all facts included in uncontradicted testimony of witness and because “the judgment imports a finding of every fact essential to support it, and we adhere to the principle that the implied findings will not be reversed unless plainly -wrong” [citations omitted]).
Zueco contends that the trial judge, having made findings of fact, was compelled to make specific findings on his two affirmative defenses and committed error by tailing to do so.
The record supports the trial judge’s conclusion that Zueco failed to prove the essential elements of duress[7] and estoppel.[8] The record also supports the trial *18 judge’s finding that both parties were represented by attorneys who were deeply involved in negotiating the terms of the lease[9] and that on July 23,2005, Zueco, freely and without coercion, executed a lease containing the following provision:
2. Term. The term of the Lease shall be for five (5) years commencing at the earlier of the completion of the Landlord’s Work (Attachment ‘A’) or the commencement of Tenant Construction (‘Commencement Date’). Due to the commencement of Tenant’s construction, the commencement date will be July 9,2005.
Accordingly, the Landlord was well within its rights to be paid rent when Zueco commenced construction in his rented space.
Moreover, the trial judge’s determination that any prelease understandings of the parties were superseded by the unambiguous terms of the lease was legally correct. Kidder v. Greenman, 283 Mass. 601, 609 (1933); Buker v. National Mgt. Corp., 16 Mass. App. Ct. 36, 42 (1983).
Judgment for the plaintiff is affirmed, and the defendant’s appeal is dismissed.
So ordered.

 “1. The Tenant has raised as an affirmative defense duress. Economic duress requires that the Tenant must show that he involuntarily accepted the terms of another, that the circumstances permitted no other alternative and the circumstances were the result of the coercive acts of the Landlord. International Underwater Contractors, Inc. v. New England Telephone and Telegraph Company, 8 Mass. App. Ct. 340 (1979). See also discussion at 17 Mass. Prac. Series, §2.49.
‘The tenant signed the lease under threat that the Landlord would take the premises from him, after he incurred costs to Orion to advance the Landlord’s construction schedule. The signing of the Lease occurred two months after the date of the commencement period provided in the Notice of Intent, after Tenant had taken deposits from the artists on the space for exhibiting and after the Tenant’s prime season had been effectively halved by construction delays.
“2. The Tenant has raised the affirmative defense of estoppel. Estoppel requires the Tenant to show that a representation was made to him, that it was intended to induce his reliance, that he did rely on it and to his detriment. Cleaveland v. Malden Savings Bank, 291 Mass. 295, 197 N.E. 14 (1935). DeSisto’s Case, 351 Mass. 348, 220 N.E.2d 923 (1966). See also discussion at 17 MPS, §2.49, pp. 102-103 (attached).
‘The Landlord represented to the Tenant that the Landlord’s construction schedule would be advanced if the Tenant first put in the interior walls so that the Landlord might install the dropped ceiling properly. The Tenant engaged Landlord’s contractor to install the walls and incurred costs in the amount of $6,800.00. The landlord cannot now seek to establish the date of Tenant’s commencement of this work as the date that the rent would be due under the Lease given the fact that the premises were otherwise unsuitable for occupancy and remained so up to the point at which the Notice to Quit was delivered, i.e., the door on the entrance to the premises from Railroad Street remained bolted shut from the inside, the hallway remained unfinished and the door to the Tenant’s premises from the landing on the second floor contained no fixtures or locking mechanism rendering the premises'unable to be secured by the Tenant in order to protect the art which he intended to exhibit.”

 We note that Zucco’s mixing of requested findings of fact and conclusions of law failed to comply with the formulaic requirements of Mass. R. Civ. R, Rule 64A. “A party is not entitled to appellate review of the denial of requests for findings of fact or the denial of mixed requests for findings of fact and rulings of law.” Rowe v. Middlesex Ins. Co., 1994 Mass. App. Div. 209, 210-211, citing Stella v. Curtis, 348 Mass. 458, 461 (1965); Perry v. Hanover, 314 Mass. 167, 169-170 (1943); Liberatore v. Town of Framingham, 315 Mass. 538, 543 (1944). The judge could have, and perhaps should have, denied the requests on that basis alone. His rulings on the requests were nonetheless consistent with his findings and conclusions of law and, therefore, free of error.

 The Court added: ‘To avoid any confusion when following this practice we suggest that judges specifically state whether they are or are not making findings of fact under rule 52 (c).” Id. The trial judge in this case did not follow the Stigum protocol.

 Because of human or mechanical error, Zucco’s case-in-chief was not recorded.

 ‘The elements of economic duress have also been described as follows: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. Merely taking advantage of another’s financial difficulty is not duress. Rather, the person alleging financial difficulty must allege that it was contributed to or caused by the one accused of coercion. Thus ‘[i]n order to substantiate the allegation of economic duress or business compulsion ... [t]here must be a showing of acts on the part of the defendant which produced [the financial embarrassment]. The assertion of duress must be proved by evidence that the duress resulted from defendant’s wrongful and oppressive conduct and not by plaintiff’s necessities’” (citations and internal quotations omitted). International Underwater Contrs., Inc. v. New England Tel. & Tel. Co., 8 Mass. App. Ct. 340, 342 (1979).

 “The essential factors giving rise to an estoppel are (1.) A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2.) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made. (3.) Detriment to such person as a consequence of the act or omission.” Clickner v. City of Lowell, 422 Mass. 539, 544 (1996), quoting Cleaveland v. Malden Sav. Bank, 291 Mass. 295, 297-298 (1935).

 See, for example, Plaintiff’s Exhibit 15, an email dated June 8, 2005, from Landlord’s representative, Rob Navarro, to Zueco: “I will also ask Kate McCormick [Landlord’s attorney] to stipulate as we agreed that the commencement date of the lease shall be the earlier of completion of any construction work or beginning of yours.” See also Defendant’s Exhibit 2, an email from Attorney McCormick to Richard Isacoff, defendant's attorney: “Attached please find the final version of the Lease with all our mutually agreed upon terms. It is my client’s intention to have a fully executed lease for this space prior to noon on Friday, July 22,2005 or he will be forced to advertise for rental of this space.” Shortly thereafter, the defendant executed the lease without objection.