O’Shea, J.
Plaintiff Summer Hill Limited Partnership (“Summer Hill”) brought summary process actions against defendants Double Dixon, Inc., d/b/a Frankie D’s BBQ & Grill (“Dixon”) and Walker Embroidery, LLC, d/b/a Embroidme (“Walker”) for rent and possession of leased commercial space in a mall owned by Summer Hill in Kingston. After a jury-waived trial, judgment entered in favor of each defendant for possession. Athough Summer Hill’s claims for additional rent payments for 2006 and 2007 were denied, the trial judge awarded additional rents for 2008 and ordered Summer Hill to “recalculate” the assessments and to accept payments from the defendants “over time.” Summer Hill has appealed, arguing that the trial court erred in (1) applying the equitable doctrine of laches to a contract matter, (2) shifting the defendants’ burden of proof for the laches defense to the plaintiff, and (3) finding that the defendants failed to pay the full base rent but still did not owe the plaintiff any money. Finding no error, we affirm the judgments and orders in favor of both defendants.
The facts as found by the trial judge in her 18-page memorandum of decision were that in 2005, Summer Hill leased commercial space in its mall to Walker for purposes of running an embroidery business. In 2006, Dixon took an assignment of a lease from another party for a separate location in Summer Hill’s mall to operate a restaurant business. The terms of each lease required payment of base rent, plus “Additional Rent” defined as pro rata shares of the mall’s common area charges and taxes relating to each tenant’s leased commercial space. The terms also required Summer Hill to notify the tenants “from time to time” of their estimated pro rata share of such costs for each year, and the tenants were required to pay “in equal monthly installments in advance or on or before the first day of each month.” At no time prior to March, 2008 did Summer Hill provide Dixon or Walker with any estimates for Additional Rent.
On March 17, 2008, however, Summer Hill sent notices claiming Additional Rent *110 for 2006 in the amount of $11,142.00 from Dixon and $7,823.42 from Walker. The next day, March 18,2008, Summer Hill sent similar notices claiming Additional Rent for 2007 in the amount of $12,766.00 from Dixon and $8,963.20 from Walker. Three days later, on March 21, 2008, Summer Hill sent demand letters for back real estate taxes for the first quarter of calendar year 2008 in the amount of $703.30 to Dixon and $439.79 to Walker. Neither defendant paid the claimed amounts, but instead joined with other mall tenants in sending a written refusal and request for an audit of the mall’s financial records on May 7, 2008. Summer Hill filed these actions for possession and Additional Rent against both defendants, and sought payment of a base rent increase that became effective on April 1,2007 against Dixon. Summer Hill does not claim that Walker owed base rent.
As to Dixon’s alleged base rent deficiency, the trial judge found that although Dixon paid its rent timely, it did have an “oversight’ regarding the $256.00 per month rent increase between April 1,2007 and June, 2008. Dixon paid the arrearage within weeks of being notified, however, so that its base rent was paid in full by the time of trial. Summer Hill argues error in the judge’s finding on this point, citing inconsistencies in the allowance of certain of its proposed findings of fact and rulings of law. In reviewing the judge’s memorandum of decision in its entirety, we see no inconsistencies in any of her factual findings. However ambiguous or inconsistent the judge’s allowance of #14 and partial allowance of #17 might seem to Summer Hill, a review of the judge’s responses to each of the plaintiff’s and defendants’ combined 115 proposed findings of facts, along with a fair reading of her memorandum of decision, reveals no misapprehension of the evidence, or any misunderstanding of whether Dixon in fact owed any base rent by the time of trial.
If made, findings of fact will not be set aside unless clearly erroneous, giving due regard to the court’s opportunity to judge the credibility of the witnesses. Mass. R. Civ. R, Rule 52(c). Findings of fact are clearly erroneous if ‘unsupported by the trial evidence or tainted by error of law.’ Macone [Bros. v. Strauss, 1997 Mass. App. Div. 95,] 96, citing Starr v. Fordham, 420 Mass. 178, 186 (1995); Williams v. Resolution GGF OY, 417 Mass. 377, 381 (1994); Kendall v. Selvaggio, 413 Mass. 619, 620-621 (1992); Lundgren v. Gray, 41 Mass. App. Ct. 451, 456-457 (1996). We will not set aside or ‘review questions of fact found by the trial judge, where such findings are supported “on any reasonable view of the evidence, including all rational inferences of which it was susceptible.” Bowers v. Hathaway, 337 Mass. 88, 89 (1958).’ First Pa. Mtge. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 624 (1985), quoting T.L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1976). See also Celebrity Bldrs., Inc. v. Fernandes, 2005 Mass. App. Div. 166, 167.
31-35, LLC v. Zucco, 2008 Mass. App. Div. 14, 16.
The central arguments raised by Summer Hill on this appeal are whether the equitable doctrine of laches is available in a district court action arising out of a contract matter and, if so, whether the trial judge erred in shifting the defendants’ burden of proving their affirmative defenses to Summer Hill. As to the equitable jurisdiction issue, G.L.c. 218, §19C provides that the District Court Department “shall have the same equitable powers and jurisdiction as is provided for the superior court pursuant to chapter 214 ... for the purpose of the hearing and disposition of summary *111 process actions and of civil actions for money damages.” Although the statutory language appears clear on its face, we acknowledge Summer Hill’s argument that lach-es does not generally apply as a defense to a legal claim. See Srebnick v. Lo-Law Transit Mgt., Inc., 29 Mass. App. Ct. 45 (1990). While noting that laches “is not generally available as a defense to a legal claim” for purposes of considering whether to allow a Mass. R. Civ. R, Rule 15(a), amendment to a complaint, id at 49, the Appeals Court went on to state in Srebnickthat “[p]rocedurally, of course, equitable defenses may be raised in actions at law.” Id at 50 n.2. Moreover, the Appeals Court ordered that on remand, the issue of the “prejudicial delay” should be considered by the trial court, thereby preserving the equity defenses for what was clearly an action at law. Id. at 51. In the present case, Summer Hill’s summary process actions involved claims for both possession and money damages, and the trial judge was within her authority to hear and decide all equitable defenses.
With regard to the merits of the defendants’ equitable defenses, it is axiomatic that “laches” and “estoppel” are affirmative defenses that must be proved by the defendants. Mass. R. Civ. P., Rule 8(c); Three Sons, Inc. v. Phoenix Ins. Co., 357 Mass. 271, 278 (1970). Whether couched in terms of “waiver and estoppel,” “laches,” or “equitable estoppel,” the burden remained on the defendants to prove such defenses by a fair preponderance of the evidence. Summer Hill contends that the judge required it, as plaintiff, to prove that it had a reasonable excuse for justifying its delay, and that it was erroneously barred from recovery on the basis of laches because it could not establish such an excuse. Dixon and Walker, on the other hand, argue that the judge permissibly applied the doctrine of equitable “estoppel” to limit Summer Hill’s recovery to the Additional Rents for 2008. The judge did not specify which equitable principle she employed in deciding the issues, but she acknowledged by comparison the laches defense raised in Pickering Wharf Realty Trust v. Victoria Station Salem, Inc., 2006 Mass. App. Div. 161. She also clearly noted that in Pickering, it was the defendants burden to show that it had been prejudiced by the plaintiff’s delay, and that in the absence of such proof by the defendant, laches was held inapplicable in that case. There is no doubt in this case that the judge recognized that it was Dixon’s and Walker’s similar burden, and we see no evidence of an improper shifting of this burden to Summer Hill. To the contrary, the trial judge indicated she was “persuaded” that Summer Hill’s actions excused the defendants from paying Additional Rents for 2006 and 2007, and that ‘Walker and Dixon introduced ample evidence that the delay ... clearly prejudiced each of the defendants.” The judge also specifically found that Summer Hfil’s failure to provide timely estimates for the Additional Rents was not a condition precedent to the receipt of any such moneys, and instead considered that the delay was “unjustified, unreasonable and prejudicial” to the defendants.
The judge’s findings, while not specifically couched in terms of either “laches” or “estoppel,” demonstrate ample factual support for her award of equitable relief. “A defense of laches exists upon a factual finding that there has been unjustified, unreasonable, and prejudicial delay in raising a claim,” Santagate v. Tower, 64 Mass. App. Ct. 324, 333 (2005), citing Srebnick, supra at 49. “In order to successfully prevail on a defense of laches, more than mere delay is required. ‘Intrinsic to any equitable barring of [a] claim on the grounds of delay ... is the requirement that there be disadvantage to another flowing from that untimeliness.’” Id. at 334, quoting Wigglesworth *112 v. Cowles, 38 Mass. App. Ct. 420, 431 (1995). Similarly, under the doctrine of estop-pel, the essential factors include:
(1.) A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2.) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made. (3.) Detriment to such person as a consequence of the act or omission.
Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 123 (1992), quoting Greenwood v. Martins Bank, Ltd., [1933] A.C. 51, 57. See Cleaveland v. Malden Sav. Bank, 291 Mass. 295, 297-298 (1935). Having credited the testimony of defense witnesses and reviewed numerous exhibits, the judge found that the affirmative defenses had been proved, and exercised her discretion in applying the appropriate equitable remedy. There was no error.
Judgment affirmed.
So ordered.