Sherman, PJ.
Theplaintiff, KMG Main Hurdman, Inc. (“KMG”), broughtthis action against Hood Sailmakers, Inc. (“Hood”) to recover the balance due for accounting services allegedly rendered to Hood. While two counts of the complaint were based on contract theories of recovery, Counts III and IV were claims for the balance due under a promissoiy note executed by Hood which purported to represent Hood’s indebtedness for the accounting services in question.
*58 Hood’s primary defenses were negligence in the performance of the accounting services and failure of consideration with respect to the promissory note.
This case was consolidated for trial with an action brought by one Woodhouse, President of Hood, against KMG (see following opinion) which resulted, inter alia, in the filing of motions in one case which had implications with respect to both cases. Although a consolidated report would have been preferable, two separate reports for these consolidated cases were submitted to this Division, each of which sought separate appellate review of rulings applicable to both cases.
In this report, No. 9087, Hood claims to be aggrieved by the denial of both its motion for discovery sanctions against KMG and its motion for relief from the Dist/Mun. Cts. R. Civ. P., Rule 37 judgment entered against it
1. Hood had sought monetary sanctions in the amount of $1,000.00 for the failure of KMG’s counsel to appear at his own office for a deposition he had scheduled to be taken of Hood’s president. Hood’s motion for sanctions was brought thirteen (13) months after the event for which the sanctions were sought, and was denied by the trial court.
A motion for sanctions against a party who fails to attend a deposition is, pursuant to Dist./Mun. Cts. R. Civ. P., Rule 30(g) (1), addressed to the discretion of the trial justice who “may” award reasonable expenses and attorney’s fees to the moving party.
The report before us fails to indicate any abuse of discretion in the court’s denial of Hood’s motion for sanctions. The mere fact that sanctions were imposed upon Hood for different conduct (see discussion, infra) did notrequire the motion judge to impose sanctions for KMG’s failure to appear at the time and place designated for the deposition in question.
2. Hood also challenges the denial of its motion for relief from judgment.
The report indicates that KMG had filed a motion for both a judgment against Hood in this action, and for a dismissal of the Woodhouse action (see following opinion) which was allowed. Said judgment and dismissal were requested by KMG as a result of the continuing failure of Hood and Woodhouse to produce documents in accordance with court orders.
In his memorandum ordering judgment for KMG against Hood and assessing damages in connection therewith, the motion judge gratuitously made substantive rulings against Hood on its defenses to Counts III and IV of KMG’s complaint KMG had previously filed a summary judgment motion with respect to these same complaint counts which had been denied by a different trial court judge.
Although disfavored as a matter of sound judicial administration, a judge may in the exercise of his discretion overrule, vacate or modify an interlocutory ruling made by another judge in the same court Gianelli v. Vatco Indus., Inc., 1986 Mass. App. Div. 10, 12-13 and cases cited. However, there was no formal request for a rehearing or reconsideration of KMG’s summary judgment motion in the instant case, and the court’s sua sponte decision to do so without prior notice left Hood unprepared to respond to matters other than the sanctions sought by KMG for Hood’s failure to produce documents. The court’s treatment and disposition of KMG’s Rule 37 motion as a Rule 56 motion was thus error. See, generally, Stop & Shop Co., Inc. v. Fisher, 387 Mass. 889 (1983); Gamache v. Mayor of North Adams, 17 Mass. App. Ct. 291 (1983).
The report also fails to indicate that the motion judge properly determined, after hearing, that Hood’s failure to produce the documents in question constituted willful action or entailed bad faith so as to warrant the imposition of the ultimate sanction of a default judgment against it (see discussion in following opinion) ,[1] After hearing, in the absence of such determination, the court’s allowance of KMG’s Rule 37 motion for judgment against Hood must be deemed an abuse of discretion. Gos v. Brownstein, 403 Mass. 252, 257 (1988); Bob Berman Assoc., Inc. v. Gross, 15 Mass. App. Ct. 1000 (1983).
*59 3. The court’s denial of Hood’s motion for sanctions is hereby affirmed. The court’s allowance of KMG’s motion for judgment against Hood is reversed, and the judgment entered against Hood is hereby vacated. This case is returned to the trial court for a trial on the merits. So ordered.

 John T. Woodhouse v. KMG Main Hurdman, Inc., No. 9088.