Coven, J.
This is an action to recover treble damages and costs for the defendant’s breach of contract, negligence and G.Lc. 93A violations in damaging two garments left by the plaintiff with the defendant’s dry cleaners.
A default judgment was entered against the defendant. After a hearing for the assessment of damages, the trial court awarded the plaintiff $175.00 in actual damages for the defendant’s breach of contrast, but denied the plaintiff’s request for G.L.c. 93A treble damages and costs. The plaintiff thereafter filed a motion to alter or amend judgment, which was denied after hearing.
The report indicates that, at the time in question, the defendant owned and operated a dry cleaning business in Belmont, Massachusetts under the name “Roxie’s Dry Cleaners” (“Roxie’s”). On February 23, 1993, the plaintiff took a sweater valued at $75.00 to Roxie’s and was given a receipt which stated that the sweater would be cleaned and returned in two days. On March 1,1993, the plaintiff took a silk blouse valued at $100.00 in for cleaning, and was at that time informed by Roxie’s that his sweater was not yet ready because Roxie’s truck had broken down. Roxie’s indicated that the sweater would be ready the following day, and gave the plaintiff a second receipt for the silk blouse.
The plaintiff returned to Roxie’s on March 3,1993 to pick up both garments, but was again informed that the truck had broken down and that both items would be returned the next day. The plaintiff made two additional trips to Roxie’s during the next week, but Roxie’s failed to return the clothing and would not estimate when it would be returned.
When the plaintiff returned again on March 10,1993, Roxie’s informed him that there had been a fire, but refused to say when, or if, the plaintiff could recover his property. The plaintiff then demanded a copy of Roxie’s business certificate and the name and address of its owner, which demand Roxie’s refused.
After the plaintiff discovered that the defendant had not filed a business certificate, he sent a G.L.c. 93A demand letter to the defendant by both regular and certified mail. When the defendant refused to accept the certified letter, the plaintiff personally delivered the demand letter to her.
In late March or early April, 1993, the defendant called the plaintiff to inform him that his clothing was ready. The plaintiff retrieved the garments, but both items were irreparably damaged. The defendant went out of business shortly thereafter without having offered any compensation to the plaintiff or having responded to the plaintiff’s G.L.c. 93A demand letters.
1. The plaintiff’s principal contention on this appeal is that he was entitled as a matter of law to a G.Lc. 93A, §9 award of not just actual or even double damages, *83 but treble damages and costs. The plaintiff argues that the evidence required the trial judge to find both that the defendant committed unfair and deceptive acts in violation of G.L.c. 93A, §2, and that such acts were willful, knowing or in bad faith.
There is no question that the facts in this case amply support the trial court’s award of damages for the defendant’s breach of contract. Not every breach of contract, however, automatically constitutes a violation of G.L.c. 93A. Atkinson v. Rosenthal, 33 Mass. App. Ct. 219, 226 (1992). Whether a defendant’s contract breach or other conduct amounts to an unfair and deceptive act under the Consumer Protection Statute is ordinarily a question of fact for the trial court. Piccicuto v. Dwyer, 32 Mass. App. Ct. 137, 137-139 (1992); Zayre Corp. v. Computer Syst. of America, Inc., 24 Mass. App. Ct. 559, 571 (1987); Lodie v. Anton’s Cleaners, 1993 Mass. App. Div. 29, 32. In resolving such question, the particular circumstances of each case must be carefully examined, Martin v. Factory Mut. Research Corp., 401 Mass. 621, 623 (1988), to determine if the defendant’s conduct was immoral, unethical, or oppressive, Heller Financial v. Insurance Co. of No. America, 410 Mass. 400, 408 (1991), or reached that “level of rascality” which characterizes the type of commercial conduct proscribed by the Statute. See, generally, Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 502-504 (1979).
A trial judge’s findings of fact on this or any issue will not be reversed on appeal unless they are clearly erroneous because tainted by error of law or unsustainable on any reasonable view of the evidence. Dist./Mun. Cts. R. Civ. R, Rule 52(a). See generally, Kendall v. Selvaggio, 413 Mass. 619, 620 (1992); Powers v. Freetown-Lakeville Reg. School Dist. Comm., 392 Mass. 656, 659 (1984). On the basis of the record in this case, we cannot say that there is no reasonable view of the evidence which would have permitted the trial judge’s finding on the plaintiff’s G.L.c. 93A claim. See generally, Scire v. Scire, 348 Mass. 768 (1964). The plaintiff has failed to sustain his burden of establishing that the court’s findings were clearly erroneous.
2. The plaintiff has not argued that he was entitled to a G.L.c. 93A finding in his favor simply by virtue of the defendant’s default, and there is nothing in the record to indicate that the default per se should have dictated a different result herein. Although the general rule is that all well-pleaded factual allegations of a complaint are accepted as true for the purpose of determining liability after default, Dist./ Mun. Cts. R. Civ. E, Rule 55(b); Nancy P. v. D’Amato, 401 Mass. 516, 519 (1988); Danca-Corp. v. Raytheon Corp., 28 Mass. App. Ct. 942, 943 (1990), a default does not operate “as an absolute confession by the defendant of his liability and of the plaintiff’s right to recover,” Productura e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 834 (1978), or as any admission by the defendant of mere conclusions of law. Id. at 835. It is for the trial judge to determine if the factual allegations of the complaint are sufficient to establish a right of recovery. Prudential-Bache Securities, Inc. v. Commissioner of Rev., 412 Mass. 243, 249-250 (1992); Plasko v. Orser, 373 Mass. 40, 44 n.3. See Multi Technology, Inc. v. Mitchell Mgm. Syst. Inc., 25 Mass. App. Ct. 333, 334 (1988). As the plaintiff’s complaint is neither attached to, nor included in, the report before us, we are unwilling to conclude that the trial judge’s assessment of complaint allegations and resulting G.L.c. 93A finding constituted an error of law.
3. In any event, it is established that a default in no way binds a trial court to the theory or amount of damages set forth in a complaint, Plasko v. Orser, supra at 43; Bissanti Design/Build Group v. McClay, 32 Mass. App. Ct. 469, 471 (1992); and it is the trial court’s refusal to award treble damages under G.L.c. 93A which forms the gravamen of the plaintiff’s claim of error. Even assuming arguendo that the plaintiff’s complaint required a finding in his favor under G.L.c. 93A, it remained for the trial judge to make the additional finding that the defendant’s conduct was willful, knowing or in bad faith so as to render the defendant liable for multiple damages. G.L.c. 93A, §9(3). See Multi Technology, Inc. v. Mitchell Mgm. Sys., Inc., supra at 336.
*84 Whether a defendant’s violation of G.L.c. 93A was intentional and knowing, or involved bad faith, are inherently factual issues for a trial court. Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 627-628 (1978); Squeri v. McCarrick, 32 Mass. App. Ct. 203, 208 (1992); Giannasca v. Everett Alum., Inc., 13 Mass. App. Ct. 208, 214 (1982). In this case, the question of whether the defendant intentionally lied to the plaintiff was one of fact, Limina v. Tenaglia, 1991 Mass. App. Div. 58, 60, and there is nothing in the record before us which would have required the trial judge as a matter of law to make this ultimate finding. Further, there is no merit to the plaintiffs contention that the defendant’s failure to answer his demand letters or the complaint automatically entitled the plaintiff to an award of G.L.c. 93A treble damages. The defendant’s failure was instead just one factor for the trial judge to consider in determining whether there was a bad faith violation of G.L.c. 93A in this case. See Linthicum v.Archambault, 379 Mass. 381, 383 (1979); Heller v. Silverbranch Constr. Corp., supra at 624.
There being no error, the report is dismissed.