Dolan, PJ.
This is an action in contract in which the plaintiff seeks to recover under an automobile insurance policy with her insurer for damages to her motor vehicle. In addition, the plaintiff alleges that the defendants, in denial of coverage, acted in an unfair and deceptive manner, and that therefore she is entitled to G.L.c. 93A damages. The answer by defendant Middlesex Insurance Company, (Middle-sex) , in substance, is that the plaintiff was not insured by it at the time of the loss, and that it reviewed and denied loss coverage appropriately Co-defendant Richard Lamb (Lamb Insurance), sold the policy to plaintiff and denies liability. The court found for the defendants and plaintiff appealed alleging that her insurance policy had automatically renewed because it had not been effectively cancelled for nonpayment of premiums. There is no error.
At trial there was evidence tending to show that on August 6,1991 the plaintiff was involved in an accident with another vehicle resulting in damage to both vehicles. The plaintiff was at fault. The plaintiff promptly notified the defendants, and defendant Middlesex denied coverage. On November 1,1993 the plaintiff sent to each defendant a G.L.c. 93A demand letter. Defendant Middlesex responded to the letter by again denying coverage. Defendant Lamb Insurance did not respond to the letter.
The claim for coverage and its denial resulted from evidence tending to show that the plaintiff, on March 16,1990, obtained an automobile insurance policy for a 1986 Buick Regal from Lamb Insurance, an agent for defendant Middlesex. The car was then properly registered with the Registry of Motor Vehicles. The policy had an effective date of March 16,1990 and a termination date of March 16,1991. The policy would automatically renew unless notice of nonrenewal was sent to the plaintiff. The premium for the policy, $1,106.00, was to be paid, after the initial advance fee of $340.00, in equal monthly installments to Middlesex.
The plaintiff failed to make the required payments. Middlesex sent a notice of cancellation, dated July 1,1990, to the plaintiff, as required by G.L.c. 175, §113A, stating cancellation would be effective July 26, 1990 unless full payment in the amount of $648.45 was remitted. The plaintiff received the notice and on July 2, 1990 a payment of $100.53 was made. The plaintiff was notified by letter, dated July 15, 1990, from Middlesex that the $100.53 payment would be insufficient to prevent the scheduled cancellation. No subsequent written notice was sent to the *210 plaintiff by Middlesex.
On July 23,1990, three days prior to the statutory cancellation date of July 26, 1990, the plaintiff went to Lamb Insurance to transfer registration from the Buick Regal to a newly purchased Pontiac Bonneville. The transfer took place and was properly acknowledged by the Registry of Motor Vehicles.
The plaintiff did not make the required payment by July 26,1990. Notice to the Registry of Motor Vehicles of cancellation is alleged to have been sent by the Mid-dlesex and evidenced by a computer printout showing registered mail being sent to the plaintiff indicating cancellation, which according to Middlesex, would also indicate, because of company practice, that notice was sent to the Registry. Lamb Insurance, subsequent to July 26, 1990, notified the plaintiff that there was no insurance coverage on the vehicle and that she would need to obtain new coverage.
On August 6, 1990, the plaintiff went to Lamb Insurance and executed a new auto policy application for the Pontiac Bonneville. An RMV-1 form was stamped with an insurance certification. This form, when delivered to the Registry of Motor Vehicles, authorizes the Registry of Motor Vehicles to register the vehicle. The form indicates that it was for a new application for registration of the Pontiac Bonneville. The premium for the auto insurance was $1,444.00. The plaintiff, however, had available only $300.00 of the required $433.00 downpayment. The RMV-1 form, stamped by Lamb Insurance, was held by the agency and not delivered to plaintiff. The $300.00 was, at the request of the plaintiff, also held by Lamb Insurance, with an understanding that the plaintiff would return the following day with the proper downpayment balance required and at that time would receive the executed RMV-1 form. Plaintiff denies making this request. Lamb Insurance did not notify Middlesex of this occurrence and Middlesex never received the $300.00 payment from Lamb Insurance.[2] Plaintiff testified that she believed the balance of the deposit was to consist of a credit due her from Middlesex resulting from the early cancellation of coverage for her Buick. The testimony of the keeper of records for Middlesex was that there was no credit due. The testimony of Jennifer Coughlin, an employee of the Lamb Insurance, was that she did not inform the plaintiff that she was entitled to a credit.
The plaintiff failed to return with the required balance for the downpayment. Lamb Insurance alleges that it twice made contact with the plaintiff by phone and informed the plaintiff that she was without insurance coverage. The plaintiff denies any such contact. Lamb Insurance also asserts it sent letters to the plaintiff, at the address indicated on the application form, indicating that the plaintiff was without coverage. Plaintiff denies having received any letter. One letter sent was returned indicating the plaintiff had moved and had left no forwarding address. Plaintiff testified that she had not moved. Plaintiff objected that the returned letter was not introduced or produced at trial. Plaintiff did not claim a report on the admissibility of testimony concerning the returned letter in the absence of the returned letter. There was no other correspondence or notices between the plaintiff and defendants prior to plaintiffs accident.
On August 6, 1991, the plaintiff was involved in an accident. The accident occurred over a year after the alleged policy termination for nonpayment of premium and almost five months after the policy would have expired had the policy not been terminated.
The trial judge did not act on plaintiffs 43 proposed findings of fact, but did act on plaintiffs 44 requests for rulings. Of these 44 requests, all but six were either requests for findings of fact or improperly sought mixed requests for findings of fact and rulings of law. Most of these requests were denied by the trial judge. A *211 party is not entitled to appellate review of the denial of requests for findings of fact or the denial of mixed requests for findings of fact and rulings of law. Stella v. Curtis, 348 Mass. 458, 461 (1965); Perry v. Hanover, 314 Mass. 167, 169-170 (1943); Liberatore v. Town of Framingham, 315 Mass. 538, 543 (1944).
Requests 1 and 2 in substance sought rulings that “upon all the evidence” judgment shall be for the plaintiff. These requests were refused by the trial judge. Dist./Mun. Cts. R. Civ. R, Rule 64(b) provides that no review as of right shall lie to the refusal of such a request for a ruling in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified. Plaintiff is not entitled to a review in this division because grounds could have been specified in the requests and were not. Simpson v. Eastern Massachusetts Street Railway Co., 292 Mass. 562, 564-565 (1935); Okin v. Sullivan, 307 Mass. 227, 228 (1940); Dellamano v. Francis, 308 Mass. 502, 503 (1941).
Requests 7,15,18A and 18B were all proper requests for rulings of law and were all allowed by the trial judge. Plaintiff is not entitled to appellate review because no appeal lies from the trial judge’s allowance of these requests. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318 (1938).
The judge made no special findings other than allowing certain mixed requests that contained some facts. Plaintiff alleges that she is aggrieved by an inconsistency in the judge’s allowance of the following mixed request for a finding of fact and ruling of law, and the general finding for the defendants.
“The policy of insurance covering plaintiff and her 1988 Pontiac Bonneville contains notice of cancellation provisions consistent with G.L.c. 175, §113A, requires notice more than twenty (20) days prior to the effective date and was not complied with by either Richard G. Lamb or Middlesex Insurance Company. (See copy of policy introduced as business record of Middlesex Insurance Company) (exhibit ID-
"Ruling: Allowed.”
The relevant facts contained in this request are that the cancellation provision in the policy are consistent with the requirements of law and were not complied with by defendants. This is inconsistent with a general finding for defendants that is based on cancellation consistent with the requirements of law. If the policy had not been effectively cancelled, it would have automatically renewed because plaintiff had not been notified of its nonrenewal.
This inconsistency was not properly brought to the attention of the trial judge. It has been repeatedly held that where a general finding is inconsistent with the granting of a request, the remedy is not a report but a motion to correct the inconsistency or a motion for a new trial. Kelsey v. Hampton Court Hotel Co., 327 Mass. 150, 152-153 (1951). Since the plaintiff pursued neither course, the question of inconsistency is not presented to this division. Raytheon Manufacturing Co. v. Indemnity Ins. Co., 333 Mass. 746, 749 (1956); Silva and Santos, Inc. v. Previte, 1993 Mass. App. Div. 173, 175.
The plaintiff has not reserved any right for appellate review. However, even if she had, there is no error in the court’s finding for the defendant. There is sufficient evidence contained in the report to support the general finding of the trial judge.
Generally, in cancellation of insurance policies, conditions imposed by law with respect to giving of notice must be strictly complied with if cancellation is to be effective. Liberty Mutual Ins. Co. v. Wolfe, 7 Mass. App. Ct. 263, 265 (1979). G.L.c. 175, §113A requires that notice must be given to both the insured and the Registrar of Motor Vehicles. The evidence, if believed, is sufficient to find that Middle-sex gave adequate notice to both the insured and the Registrar of Motor Vehicles.
There was evidence that Middlesex sent a notice of cancellation, dated July 1, 1990, to the plaintiff, and that it was received. The business custom of Middlesex *212 with respect to notifying the Registrar of Motor Vehicles of insurance cancellations, is sufficient evidence to prove that it informed the Registrar of the cancellation of plaintiffs insurance. Prudential Trust Co. v. Hayes, 247 Mass. 311, 315 (1924).
The transfer of registration from the Buick Regal to the Pontiac Bonneville was permitted by law and did not affect cancellation of insurance begun prior to transfer of the registration, but such cancellation did not take effect until die date specified in the notice of cancellation. Op. Atty. Gen., Jan. 2,1962, p. 132.
Report dismissed.

Neither the report nor the briefs shed any light on what happened to this money.