RICHARD K. McCANN vs. DAVIS, MALM & D'AGOSTINE & others.[1]

Plymouth. May 6, 1996. - September 17, 1996.

Present (Sitting at Barnstable): LIACOS, C.J., WILKINS, ABRAMS, LYNCH, O'CONNOR, GREANEY, & FRIED, JJ.

*Negligence,* Attorney at law. *Attorney at Law,* Malpractice, Negligence, Canons of ethics. *Proximate Cause. Consumer Protection Act,* Unfair or deceptive act.

At the trial of a legal malpractice action in which the plaintiff established that the defendant law firm's conduct was negligent in representing him in the sale of his stock in two corporations while also representing the buyer, the evidence did not demonstrate any causal connection between that negligence and the plaintiff's losses on a promissory note when the buyer's debts were discharged in a subsequent bankruptcy proceeding. [560-561]

CIVIL ACTION commenced in the Superior Court Department on December 27, 1989.

The case was tried before *John J. O'Brien,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jack R. Pirozzolo (Richard E. Bennett* with him) for the plaintiff.

*Allen N. David (Harvey Weiner* with him) for the defendants.

WILKINS, J. The plaintiff asserts a claim of malpractice and a violation of G. L. c. 93A (1994 ed.), based on the defendant law firm's conduct in representing him in the sale of his stock in two corporations, Imperial Millwork, Inc. (Imperial), and McCann-Anderson Building Systems, Inc. (Building Systems). The negligence action was tried to a jury. The judge reserved the G. L. c. 93A claim for his determination.

---

[1] C. Michael Malm, Charles G. Rancourt, and Carol R. Cohen. Malm and Cohen were partners in the law firm of Davis, Malm & D'Agostine. Rancourt was an associate.

The jury, by a special jury verdict, found that the defendant law firm was negligent in its representation of the plaintiff but that the firm's negligence was not "the proximate cause of the damages sustained by the plaintiff." In a brief memorandum the trial judge adopted the findings of the jury and ruled that the "activities of the defendant were neither unfair nor deceitful," and accordingly he found for the defendant law firm on the G. L. c. 93A claim. The plaintiff appeals from judgments for the defendants (on the jury verdict and on his G. L. c. 93A claim) and from the denial of his motions for a new trial and for judgment notwithstanding the verdict. We transferred the appeal here on our own motion. We affirm the judgment.

In 1986, the plaintiff and Hugh Anderson each owned fifty per cent of the stock of Imperial and Building Systems. The plaintiff wanted to sell his interests in the corporations, and Anderson wished to acquire them. The defendant firm represented both parties in preparing documents to carry out the sale. Anderson could not obtain financing to purchase the plaintiff's stock, and ultimately, in full payment for his stock, the plaintiff took a $600,000 note from Anderson, payable over twenty years. The defendants never advised the plaintiff that he should have separate counsel representing him as seller. Although the plaintiff wanted security for the note, he received none except in the stock sold and an insurance policy on Anderson's life. Anderson had no unencumbered assets in December, 1986, apart from stock in the corporations, that he could have offered as collateral. Anderson made monthly payments from April, 1987, through November, 1989, including about $40,000 of the principal on the $600,000 note. In January, 1990, a bank foreclosed on Imperial and Building Systems. Anderson went into bankruptcy in 1992, and his debts were discharged. The plaintiff has no prospect of recovery of the amounts due on the note.

Although this appeal can be disposed of because there was no causal connection between the defendant firm's wrongdoing and the plaintiff's losses, we briefly comment on the firm's participation on behalf of both buyer and seller of the corporate stock. The defendants' position that they were representing the corporations is neither accurate nor an adequate justification for the dual representation. Clearly, the firm was representing differing interests. Under the Mas-

sachusetts Code of Professional Responsibility, S.J.C. Rule 3:07, Canon 5, DR 5-105 (C), as appearing in 382 Mass. 781 (1981), an attorney may properly undertake dual representation only "if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each."[2] It was not obvious that the law firm could adequately represent the plaintiff's interests against Anderson's interests, especially because Anderson was to be a continuing client of the firm. Moreover, there was no client consent or full disclosure of the sort required by DR 5-105 (C). A violation of DR 5-105 (C), a disciplinary rule intended to protect one in the plaintiff's position, would be some evidence of negligence. See *Fishman* v. *Brooks*, 396 Mass. 643, 649 (1986).

The evidence fully warranted the finding, however, that the firm's negligence caused no damage to the plaintiff. When the plaintiff elected to sell his stock, there was no security available to protect him other than stock in the two corporations and the insurance policy. The plaintiff's own expert testified that it was unclear what proper and vigorous representation would have achieved for the plaintiff. The burden was on the plaintiff to prove that he was harmed by the defendants' negligence. Certainly he was not entitled to a judgment notwithstanding the verdict. The judge did not abuse his discretion in declining to order a new trial. The jury would have been warranted in concluding that the plaintiff would have lost his interest in the corporations in any event.[3]

The judge did not err in denying the plaintiff relief under G. L. c. 93A. The plaintiff does not identify any conduct of the defendants that would constitute an unfair or deceptive act other than the negligence of the defendants found by the jury. For the purposes of our decision, we shall assume, without deciding, that such negligence would qualify as a G. L. c. 93A violation. See *Swanson* v. *Bankers Life Co.*, 389 Mass. 345, 349 (1983) ("not every negligent act is unfair or

---

[2]Rule 1.7 of the proposed Massachusetts Rules of Professional Conduct, setting forth the general rule concerning conflicts of interest, states substantially the same principle.

[3]The plaintiff's claim that the judge improperly excluded evidence bearing on causation lacks merit and warrants no discussion.

deceptive and thus unlawful under G. L. c. 93A, § 2"). The jury finding that the defendants' negligence was not the proximate cause of the plaintiff's damages disposes of the G. L. c. 93A claim as well. See *Massachusetts Farm Bureau Fed'n, Inc.* v. *Blue Cross of Mass., Inc.*, 403 Mass. 722, 730 (1989). In each instance, the plaintiff had the burden of proof, and the evidence did not compel a finding that the defendants' negligence was causal. Because the judge incorporated the jury's findings of fact on the causation question in his memorandum, the brevity of his memorandum of decision on the G. L. c. 93A issue is not grounds for reversal.

The plaintiff elected to sell his stock only in exchange for what in effect was an unsecured note. The jury could have reasonably concluded that no significant security could have been obtained and that, even if the defendants had been diligent in all respects, it would have made no difference.

The judgments are affirmed as are the orders denying the plaintiff's motions for a new trial and for judgment notwithstanding the verdict.

*So ordered.*