Wright, J.
This is an action for the defendant’s breach of contract and violations of G.L.c. 93A and G.L.c. 231, §85J in intentionally failing to disclose that a used vehicle sold to the plaintiff was a former rental car. Judgment was entered for the plaintiff, and the defendant has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
The record indicates that on May 4, 1994, plaintiff Donna Thompson viewed a used 1993 Ford Mustang at the defendant’s place of business, Main Street Auto Sales & Service in Waltham. The salesman, who was also a friend of the plaintiff’s, informed her that the car had only one previous owner and had come from Florida. The trial court found, however, that the defendant knew that the Mustang was a former rental car owned by Alamo Rent-A-Car in Denver, Colorado.
After a satisfactory test-drive of the Mustang, the plaintiff purchased the car on May 6,1994 for $14,000.00, less a $500.00 trade-in allowance on her old car. At the time of sale, the odometer reading on the Mustang was 17,566 miles. The defendant did not check a box at the top of a purchase and sales agreement signed by the salesman to indicate that the Mustang was a former rental.
More than a year later, the plaintiff discovered an Alamo Rent-A-Car receipt in the Mustang’s glove compartment. After contacting various consumer agencies, the plaintiff confronted the defendant’s sales manager and demanded a return of the purchase price. The defendant instead offered to repurchase the Mustang by assuming the balance of the plaintiff’s car loan, less a charge of 30 cents per mile for her fourteen months’ use of the car. The plaintiff refused the offer. Defendant’s counsel reiterated the offer as a reasonable settlement in response to the plaintiff’s subsequent G.L.c. 93A demand letter of August 3, 1995. The plaintiff again refused the offer, and continued to drive the Mustang for another year.
On July 31,1996, the plaintiff purchased a new car and received a trade-in allowance of $8,251.00 for the Mustang. The Mustang’s odometer reading at the time of sale was 43,000 miles. The plaintiff drove the car more than 25,000 miles in the two years she had owned it.
The plaintiff commenced this action on June 25, 1997. In a three-count complaint, she sought recovery for fraud and deceit under G.L.c. 231, §85J, for knowing and intentional unfair and deceptive acts under G.L.c. 93A, and for breach of contract and “a violation of MGL chapter 106.”
*261 After trial, judgment was entered for the plaintiff on Count II only for G.L.c. 93A double damages in the amount of $3,848.00, plus $3,800 in attorney’s fees and $307.07 in costs. The trial judge ruled on the defendant’s Mass. R. Civ. R, Rule 64A, requests and made extensive findings of fact, which included a full explanation of her calculation of damages. The judge first noted that the plaintiff had incurred no out-of-pocket expenses for repairs of the Mustang, which had been performed at no charge by the defendant under warranty or by family members, and had “offered no evidence that the car was worth less as a result of being a rental vehicle.” The judge then stated:
Under the state’s so-called Lemon Law, the dealer is entitled to an offset of the purchase price on any vehicle which a purchaser is entitled to return in the amount of fifteen cents for each mile that the vehicle has been operated between the date of its sale and the dealer’s repurchase. See G.L.c. 90, §7N 1/4 (3) (A) (ii). Using that law for guidance, I conclude that defendant is entitled to an offset of fifteen cents per mile for the 25,500 miles that the plaintiff drove the Ford Mustang, which equals $3,825. Deducting that figure from $5,749 (the difference between the purchase price and the trade-in allowance), I conclude that plaintiff incurred actual damages in the amount of $1,924. Because the defendant’s conduct was wilful and intentional, I double that amount pursuant to G.L.c. 93A, §9, for a total award of $3,848, plus attorney’s fees.
In response to a subsequent motion by the plaintiff under Mass. R. Civ. R, Rules 52 and 59, the court issued additional findings and amended the judgment to award treble damages of $5,772.00 under Count I for the defendant’s violation of G.L.c. 231, §85J.[1]The judge also clarified her calculation of actual or single damages as follows:
I made this offset [of 15 cents per mile] to prevent a windfall to plaintiff, since she got more than two years of use from the vehicle. This figure of 15 cents a mile ... also represents ... the extent to which the car depreciated by virtue of wear and tear since the date of its purchase in 1994. Thus, in calculating plaintiff’s actual damages to be $1,924,1 found in essence that she paid $1,924 more than the car was actually worth. Although there was no evidence that the car had more maintenance problems by virtue of being a rental and plaintiff did not offer specific evidence as to the value in 1994 of 1993 used Mustangs formerly used as rental cars, I determine that the evidence as to price paid compared to the eventual trade-in allowance, taking into account reasonable wear and tear... does support my finding of actual damages.
Finally, the court denied the plaintiff’s Count III claim for damages for breach of contract under G.L.c. 106, §2-608, noting:
A buyer is entitled to revoke acceptance of goods not conforming to a contract only if the ‘non-conformity substantially impairs the value to him’ of the goods purchased. Although plaintiff would not have purchased the car if she knew it was a rental vehicle and in fact plaintiff suffered damages in the amount of $1,924, the evidence does not support a finding that the car’s value was ‘substantially impaired’ so as to justify revocation of acceptance and return of the purchase price pursuant to G.Lc. 106, §2-711.
*262 1. Contrary to the defendant’s initial contention, the trial court properly found that the defendant committed an unfair and deceptive act in intentionally failing to disclose that the vehicle it sold to the plaintiff was a former rental car. The record indicates that the defendant purchased the Mustang from the Concord Auto Auction which clearly stated in its Bill of Sale to the defendant that the Mustang’s former owner was Alamo Rent-A-Car, Inc. of Denver, Colorado. It was the trial judge’s prerogative, as finder of fact, to determine that contrary testimony by the defendant’s salesman that he was unaware that the vehicle was a former rental was not credible. Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of Dept. of Mental Retardation, 424 Mass. 430, 459 (1997); Augustine v. Rogers, 47 Mass. App. Ct. 901, 902 (1999); Oyegbola v. DeSimone, 1996 Mass. App. Div. 67, 70.
There was also no error in the court’s ruling that the defendant’s intentional misrepresentation was a violation of G.L.c. 93A as a matter of law. Pursuant to 940 C.M.R. §5.04(2) (c),
It is an unfair or deceptive act or practice for a dealer to use any written or printed contract, form or agreement to evidence the sale of a motor vehicle ... which does not state: ... (c) A designation of the purchased vehicle as... a ‘former leased car’ [or] ‘former daily rental’... if the dealer knows or, in the exercise of reasonable care, should know of the applicability of any such designation;...
As the court correctly noted, the Attorney General’s Regulations further provide that it is a violation of G.L.c. 93A, §2 to fail to disclose to a buyer or prospective buyer any fact which may influence her not to enter into the transaction. 940 C.M.R. §3.16(2).
As the victim of an intentional misrepresentation which constituted a per se violation of G.L.c. 93A, the plaintiff was an “injured” party entitled to bring an action for damages or equitable relief pursuant to §9.[2] Under §9, an injury includes not only the loss of money or property, but also the “invasion of a legally protected interest” which engenders no harm for which actual damages can be assessed. Clegg v. Butler, 424 Mass. 413, 418 (1997); Parker v. D’Avolio, 40 Mass. App. Ct. 394, 398 (1996). In the latter instance, statutory nominal damages of $25.00 may alone be recovered. Leardi v. Brown, 394 Mass. 151, 159-160 (1985). The principal question on this appeal is whether the plaintiff was entitled to the damages awarded by the trial court.
2. To recover actual damages, much less a multiple, punitive award, the plaintiff had the burden of establishing such actual damages as well as a causal link between her alleged loss and the unfair and deceptive act of the defendant. McCann v. Davis, 423 Mass. 558, 561 (1996); Cohen v. Liberty Mut. Ins. Co., 41 Mass. App. Ct. 748, 755 (1996). The record is devoid, however, of any evidence of actual damages sustained by the plaintiff as a direct and foreseeable consequence of the defendant’s misrepresentation. See Kapp v. Arbella Mut. Ins. Co., 426 Mass. 683, 685 (1998); Cohen v. Liberty Mut. Ins. Co., supra at 755. As the trial court expressly ruled, there was no evidence at trial to demonstrate that the actual value of the Mustang as a former rental car was less than the purchase price paid by the plaintiff, or even that the dollar value of former rental cars is in general less than other cars of the same year and model. There was also no evidence that the Mus *263 tang experienced more frequent or more costly maintenance and repair problems because it was a former rental than other used 1993 Mustangs. In fact, there was no evidence that the plaintiff incurred any expenses for repairs, substitute transportation or other costs resulting from defects in the vehicle. The only “consequential” damages for taxes, auto loan interest, insurance etc. claimed by the plaintiff were correctly rejected by the trial court as costs which would have attended the purchase and ownership of any car by the plaintiff rather than those which were causally related to the Mustang’s former rental status. No other losses were even alleged by the plaintiff.
The trial court’s effort to find actual damages based on a formula set forth in G.L.C. 90, §7N 1/4 (3) (A) (ii) was inappropriate. Such formula is applicable only where a vehicle cannot be repaired after three attempts to correct the same defect, or the vehicle is out of service for more than ten business days. In such a case, the defect in question has substantially impaired the value of the vehicle to the extent that the purchaser is entitled to a return of the purchase price, less a reasonable offset for the purchaser’s use of the vehicle. In the instant case, the judge specifically found that there was no substantial impairment of the value of the Mustang and that the plaintiff was not entitled to a return of the purchase price. Where, as in this case, there is no evidence of any loss, actual damages cannot be created through the use of a statutory measure of damages applicable only after substantial or total loss of the value of a vehicle has been established.
Having failed to prove any damages causally related to the defendant’s G.L.c. 93A violation, the plaintiff was entitled to statutory nominal damages of $25.00 only, plus attorney’s fees and costs as assessed by the trial court. See Jet Line Serv., Inc. v. American Employers Ins. Co., 404 Mass. 706, 718 n.12 (1989) (attorney’s fees and costs are recoverable under G.L.c. 93A, §9 even where nominal damages of $25.00 are alone imposed); Jillian’s Billiard Club of America, Inc. v. Beloff Billiards, 35 Mass. App. Ct. 372, 377 (1993) (same).
3. For the same reason, the court’s G.L.c. 231, §85J finding for the plaintiff and award of treble damages under Count I for fraud and deceit must be vacated and reversed. Damages are an essential element of the tort of deceit; a mere misrepresentation does not create a cause of action. Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 48 n.2 (1998); Ravosa v. Zais, 40 Mass. App. Ct. 47, 54 n.12 (1996); Altoonian v. Flagship Motor Cars, Inc., 1999 Mass. App. Div. 74, 75.
Proof of damages flowing from misrepresentations is essential to recovery. Cardullo v. Landau, 329 Mass. 5, 7 (1952). “Where a plaintiff does not prove that he is worse off than if there had been no misrepresentation he has not made out a case of deceit.’ Connelly v. Bartlett, 286 Mass. 311, 315 (1934).
Poly v. Moylan, 423 Mass. 141, 149 (1996). In the absence of evidence of actual damages caused by the defendant’s deceit, a finding for the plaintiff on her G.L.c. 231, §85J claim was not warranted.
4. Finally, the trial court’s findings that there was no substantial impairment of the value of the Mustang simply because it had been a rental car and that the plaintiff was thus not entitled to a return of her purchase price were dispositive of the plaintiff’s claim under G.L.c. 106, §2-608. These findings are fully supported by the record and must, of course, stand on this appeal. Lundgren v. Gray, 41 Mass. App. Ct. 451, 456-457 (1996); Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172-173.
It must be noted that unlike an action in tort, actual damages are not an element of a claim for breach of contract; nominal damages may be awarded. Nathan v. Tremont Storage Warehouse, Inc., 328 Mass. 168, 171 (1951); Davidson Pipe Supply Co. v. Johnson, 14 Mass. App. Ct. 518, 520 (1982); Fascione v. CNA Ins. Cos., 1997 *264 Mass. App. Div. 132, 134 n.6. However, in view of the fact that the plaintiff will receive nominal damages of $25.00 under G.L.c. 93A, as well as attorney’s fees, we see no useful purpose in returning this matter to the trial court for the assessment of symbolic nominal damages for the defendant’s breach of contract. St. Charles v. Render, 38 Mass. App. Ct. 155, 161 (1995).
Accordingly, the trial court’s judgment for the plaintiff is hereby vacated. Judgment is to be entered for the plaintiff on Count II of her complaint in the sum of $25.00, plus attorney’s fees and costs as assessed by the trial court, and on Count III of the complaint in the amount of $1.00. Judgment is to be entered for the defendant on Count I of the complaint.
So ordered.

 Section 85J states: “Whoever, by deceit or fraud, sells personal property shall be liable in tort to a purchaser in treble the amount of damages sustained by him.”

 Section 9(1) of G.L.c. 93A provides, in relevant part: “Any person ... who has been injured by another person’s use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder ... may bring an action... for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.”