Wright J-
This is an action against the plaintiffs former criminal defense attorney to recover damages for the defendant’s alleged breach of contract and G.L.c. 93A violations. Following the entry of a default judgment for the plaintiff on his contract claim alone, the plaintiff moved for “clarification” of the courts judgment on the ground that he was also entitled to G.L.c. 93A treble damages and prejudgment interest After hearing, the plaintiffs motion was denied and this Dist/Mun. Cts. R A D. A, Rule 8C, appeal followed.
The plaintiff pro se commenced this action on June 16, 1997. His amended complaint, in two counts, was filed on October 4, 1999. Count I, for breach of contract, alleged that the defendant-attorney agreed to represent the plaintiff in a criminal matter for a flat fee of $7,500.00, that the defendant thereafter “induced the plaintiff, his family and friends into paying an additional sum” of $2,500.00, and that such breach of the parties’ agreement caused financial injury to the plaintiff in the amount of $2,500.00. Count II, for alleged G.L.c. 93A unfair and deceptive trade practices, asserted that the plaintiff served a G.L.c. 93A demand letter on the defendant on March 12,1997; that subsequent to the mailing of the demand letter, the plaintiff received the defendant’s written offer to settle the matter for $1,000.00, and that no further response to the demand letter was received.
The defendant failed to answer the complaint, and the plaintiffs request for a default was allowed on December 6,1999. The plaintiff thereafter filed motions for a default judgment, and for a hearing for the assessment of damages and on the “issue of 93A” A hearing was held on March 3,2000, at which time the court, inter alia, denied defendants counsels oral motion to remove the default On March 7, 2000, the court entered a default judgment in the amount of $2,500.00, plus statutory interest from the commencement date of the action 0une 16, 1997) in the amount of $1,283.82 and $115.00 in costs.
On March 17, 2000, the plaintiff filed a motion for “clarification” which, in essence, sought reconsideration of the courts denial of his claim for G.L.c. 93A punitive damages. The motion asserted that the defendants tender of a $1,000.00 settlement offer was unreasonable, and that the plaintiff was thus entitled as a matter of law to treble damages and both prejudgment and posljudgment interest After an evidentiary hearing, the court denied the plaintiff’s motion, ruling that there had been “no showing that this dispute constituted any unfair and deceptive trade practices and acts,” that the plaintiff was entitled to statutory interest, and that the defendant’s motion to vacate the default judgment was denied because it lacked a specification of grounds sufficient to merit consideration.
*173 There was no error.
1. It is familiar law that upon default under Mass. R Civ. R, Rule 55(b), “the factual allegations of a complaint are accepted as true for purposes of establishing liability, the question whether an adequate statement of a claim for relief has been made, however, remains open.” Multi Technology, Inc. v. Mitchell Management Systems, Inc., 25 Mass. App. Ct. 333, 334-335 (1988). See also Nancy P. v. D’Amato, 401 Mass. 516, 519 (1988)(“[w]hen ... a defendant is defaulted, well-pleaded facts are deemed to be admitted, but a plaintiff may recover only to the extent the complaint states a claim for relief”). A default does not operate “as an absolute confession by the defendant of his liability and of the plaintiff’s right to recover.” Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 834 (1978).
The factual allegations of the complaint in this case are sparse. The plaintiff claimed only that the defendant agreed to represent him in a “criminal matter” for a flat $7,500.00 fee, that the defendant later “induced” the plaintiff to pay an additional $2,500.00, and that the defendant failed to return the latter sum upon demand. While such allegations might have been sufficient to state a claim for breach of contract,[1] they did not entitle the plaintiff as a matter of law to a recovery of actual,[2] much less punitive, damages pursuant to G.L.c. 93A. Not every breach of contract automatically constitutes a violation of G.L.c. 93A. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 100-101 (1979); Atkinson v. Rosenthal, 33 Mass. App. Ct. 219, 226 (1992); Jensen v. Jordan, 1994 Mass. App. Div. 82, 83. Whether a defendant’s conduct is immoral, unethical, or oppressive, Heller Financial v. Insurance Co. of No. America, 410 Mass. 400, 408 (1991), or reaches the bad faith or level of unfairness which characterizes the acts and practices proscribed by G.L.c. 93A depends on the circumstances of each case, Kattar v. Demoulas, 433 Mass. 1, 14 (2000), and the specific nature, purpose and effect of the challenged conduct Massachusetts Employers Ins. Exchange v. Propac-Mass, Inc., 420 Mass. 39, 42-43 (1995).
None of those circumstances are set forth, or even alluded to, in the plaintiffs complaint There is complete lack of information as to how, why or at what stage of the criminal proceedings against the plaintiff the defendant allegedly “induced” the plaintiff or his family or his friends to make any additional payments. There is no explanation of why the plaintiff or his family or friends would even consider making the alleged additional payment if the plaintiff believed that only $7,500.00 was due for the totality of the defendanfs legal services and expenses from the plaintiff’s indictment through his trial, conviction, sentencing and appeal. There is no allegation or even intimation of any coercion resulting from a refusal by the defendant to proceed with his agreed upon representation of the plaintiff at any given point unless additional money was forthcoming. There is no suggestion, for example, that the defendant agreed to represent the *174 plaintiff for a flat fee while never intending to provide services for that amount and/or intending to charge additional fees. See Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979). There is no assertion that the defendant billed the plaintiff for services which were never provided or that the $2,500.00 payment allegedly made was not for additional services. Compare Doucette v. Kwiat, 392 Mass. 915 (1984); Sears, Roebuck & Co. v. Goldstone & Sudatter, 128 F.3d 10 (1st Cir. 1997). There is, in short, a total lack of any factual context which would suggest that the defendants request for, receipt or retention, if any, of the $2,500.00 in question amounted to unfair, deceptive or unethical conduct in violation of G.L.c. 93A.
2. The evidentiary hearing conducted by the trial court on the plaintiff’s motion for “clarification” provided no illumination. While the question of the defendant’s liability for a G.L.c. 93A violation depended on the sufficiency of the factual allegations of the complaint, the plaintiff’s claim that any violation by the defendant was “willful and knowing” was properly treated by the court as a question of damages rather than liability.[3] Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass. App. Ct. 667, 677 (2001). At an evidentiary hearing necessitated by a plaintiff’s claim for punitive damages, a court is “allowed to hear any evidence material and relevant to the claims alleged in the complaint” in reaching its determination of damages.[4] Multi-Technology, Inc. v. Mitchell Management Systems, Inc., supra at 335-336. Thus while it might have been reasonable to expect some elaboration by the plaintiff on his G.L.c. 93A claim, none was advanced.
In any event, the plaintiffs position at the hearing and throughout these proceedings appears to he that he was automatically entitled to treble damages because the defendant failed to tender a settlement offer acceptable to him in response to his G.L.c. 93A demand letter. Whether a defendanf s unfair and deceptive acts were willful and knowing so as to warrant the imposition of punitive damages is, however, a question of fact for a trial court Squeri v. McCarrick, 32 Mass. App. Ct. 203, 208 (1992). Contrary to the plaintiffs contention, an inadequate response or failure to respond to a demand letter constitutes just one factor for the trial court to consider in deciding whether there was an intentional violation of G.L.c. 93A. Jensen v. Jordan, supra at 84. And, upon the trial courts determination that the defendant had not violated the statute, the question of multiple damages was immaterial
3. The plaintiffs remaining contention is that he was entitled to full prejudgment interest on the $2,500.00 amount in question from February 14, 1995, the date of a letter by the defendant which the plaintiff characterizes as an acknowl *175 edgment of their agreement for a flat fee of $7,500.00.[5] The plaintiffs entitlement to interest on his breach of contract claim is governed by G.L.c. 231, §6C, Peabody N.E., Inc. v. Marshfield, 426 Mass. 436, 445 (1998), which provides in relevant part
In all actions based on contractual obligations, upon a verdict finding or order for pecuniary damages, interest shall be added... at the contract rate, if established, or at the rate of twelve percent per annum, from the date of breach of demand. If the date of the breach or demand is not established, interest shall be added ... from the date of the commencement of the action.
The burden of proving the date of breach or demand was on the plaintiff Striar v. American Medical International, Inc., 45 Mass. App. Ct. 87, 104-105 (1998). There is nothing in the record to indicate any date of a breach of contract by the defendant Further, the trial judge made no finding as to the date of any demand by the plaintiff. Zimmerman v. Bogoff, 402 Mass. 650, 663 (1988). The only clear evidence of demand is the plaintiff’s G.L.c. 93A letter of May 12,1997, as alleged in the complaint Therefore, the plaintiff is entitled to statutory interest at the annual rate of 12% from that date.
Accordingly, the trial court’s denial of the plaintiffs motion for clarification is affirmed. The courts award of $2,500.00 in damages for breach of contract is affirmed. The case is returned to the Lynn Division for a calculation of statutory interest Neither party shall have the costs of this appeal under Dist/Mun. Cts. R A D. A, Rule 26.
So ordered.

 The defendant has not appealed the courts default judgment on Count I of the plaintiffs complaint, and did not file a brief on this appeal of the courts denial of the plaintiffs claim under Count II.

 The plaintiff has not claimed any actual damages causally related to the defen-danfs alleged G.L.c. 93A violation which are “factually separable and distinguishable” from the $2,500.00 he sought for breach of contract Charles River Const. Co. v. Kirksey, 20 Mass. App. Ct. 333, 344 (1985), quoting from Calimlim v. Foreign Car Ctr., Inc., 392 Mass. 228, 236 (1984). Thus actual damages under G.Lc. 93Awould have been limited to the statutory nominal amount of $25.00, plus attorney’s fees and costs. Thompson v. Main St. Auto Sales & Serv., Inc., 1999 Mass. App. Div. 260, 263. The plaintiff appeared pro se throughout these proceedings. Further, he recovered all award of costs on Count I of this complaint

 As noted, the plaintiffs clarification motion was essentially one for reconsideration of the courfs default judgment As an assessment hearing had been held prior to the entry of that judgment the court might well, in the exercise of its discretion, have simply denied the plaintiffs post judgment motion without any reconsideration or further proceedings.

 While Rule 55(b) (2) permits a judge, in the exercise of his or her discretion, “to establish due truth of any averment by evidence,” the judge must give “advance notice to the parties that evidence will be taken on the issues of liability.” Marshall v. Stratus Pharmaceuticals, Inc., supra at 676. No advance notice was given in this case. There is, however, nothing in the hearing transcript which suggests that the trial court improperly utilized the hearing to test the validity or veracity of the plaintiffs complaint allegations, or that the courfs denial of the plaintiffs G.L.c. 93A claim resulted from the plaintiffs failure to advance any corroborative evidence at the hearing.

 Contrary to the plaintiffs argument the defendants letter does not constitute either an acknowledgment of a $7,500.00 flat fee agreement or evidence of the date of any breach of such a contract The defendants letter in fact recites only that the plaintiff paid a flat fee of $7,500.00. Subsequent letters from the defendant which appear in the record tend to substantiate the defendants position at the motion hearing that the parties’ agreement was for a flat fee of $10,000.00, not $7,500.00, and that the plaintiff in fact paid only $7,500.00 of the total fee. However, as the defendant failed to answer the plaintiffs complaint or to obtain relief from the default judgment, the plaintiffs allegations became conclusive of the defendant’s liability for breach of contract