Murphy, Ernest B., J.
Plaintiff, Russ Developers, Inc. [1] (“Russ”), brought an action for legal malpractice and violation of G.L.c. 93A against defendant, Aldo Cipriano (“Cipriano”), arising from Cipriano’s conduct during the permitting process for a construction project in Southborough, Massachusetts. Cipriano now moves for summary judgment on all claims against him. After hearings on the motion, and for the following reasons, Cipriano’s Motion for Summary Judgment is ALLOWED.
BACKGROUND
In 1997 Russ retained Cipriano, an attorney licensed to practice in Massachusetts, to provide legal services regarding all aspects of the zoning and subdivision process pertaining to Russ’s proposed development of a condominium complex on a parcel of land located in Southborough, Massachusetts. In particular, Cipriano assisted Russ with developing a proposed subdivision plan and obtaining plan approval prior to development.
With Cipriano’s assistance, Russ petitioned the Southborough Board of Appeals (“Board”) for a special permit to construct “Southborough Meadows,” a multifamily elderly housing community consisting of fifty-two units and a clubhouse. The Southborough Meadows plan envisioned a neighborhood of reasonably priced homes for Southborough residents fifty-five years of age or older. Russ submitted to the Board that the purchase price of each unit at Southborough Meadows would be in the range of $150,000 to $169,000.
On January 22, 1998, the Board granted Russ’s petition for a special permit, on the condition that the purchase price of each unit would not exceed the proposed price range for at least three years. During the public hearing on the matter, many elderly residents of Southborough testified that the projected price range for the proposed housing units was affordable to them. By August 1, 2000, Russ had sold all fifty-two units at Southborough Meadows.
Russ filed its complaint in this matter on Februaiy 23, 2004, alleging that Cipriano’s negligent conduct precluded it from pursuing more profitable options with respect to permitting the Southborough Meadows plan. In particular, Russ maintains that, on the advice of Cipriano, it did not apply for a permit to construct affordable housing pursuant to G.L.c. 40B, whereby only one quarter of the Southborough Meadows units would have been restricted to an “affordable” price level. Russ further claims that it could have petitioned the Board for a modification of the price restriction in its special permit. However, Russ alleges that it did not seek such a modification because Cipriano advised it that the Board would likely deny the request and possibly revoke Russ’s existing special permit.
DISCUSSION
Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). This Court shall grant summary judgment when the moving party demonstrates, by reference to the record, including pleadings, depositions, answers to interrogatories, admissions on file and affidavits, that the nonmoving party, who will have the burden of proof at trial, lacks sufficient evidence to establish an essential element of his or her claim. Flesner v. Tech. Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
“When asserting a claim for legal malpractice, a plaintiff bears the burden of proving that its attorney committed a breach of the duty to use reasonable care, that the plaintiff suffered actual loss, and that the attorney’s negligence proximately caused such loss.” Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 226 (1999). Proximate cause — in other words, the notion that as a proximate result of the attorney’s negligence, plaintiff suffered damages — is an essential element of such a claim. Meyer v. Wagner, 429 Mass. 410, 424 (1999).
In support of his motion for summary judgment, Cipriano asserts that Russ is unable to prove that any alleged negligence was the proximate cause of its alleged damages. While causation is a normally a question of fact reserved for a jury, summary judgment is appropriate if a plaintiff will be unable to prove causation at trial. Mullins v. Pine Manor College, 389 Mass. 47, 58 (1983).
To prove causation in a legal malpractice action, a plaintiff must establish the probability that he or she *446 would have reached a more favorable outcome had the attorney exercised adequate skill and care. Poly v. Moylan, 423 Mass. 141, 145 (1996). Therefore, to survive summary judgment, Russ must demonstrate, by reference to the materials listed in Mass.R.Civ.P. 56(c), that had it petitioned the Board for an affordable housing permit (G.L.c. 40B), or a modification of its existing special permit, the Board would have granted such a request. Russ must also prove that had such a petition been successful, some or all of the constructed housing units would have sold for a higher price. Put another way, Russ must adduce evidence sufficient for the trier of fact to determine what monetary result would have occurred had Cipriano not been negligent and compare it to the monetary result that did occur.
Russ has failed, however, to demonstrate the probability that Southborough Meadows would have been more profitable had Cipriano exercised adequate skill and care. The summary judgment record, including the anticipated testimony of Russ’s expert witnesses, does not establish the requisite causal connection between any alleged negligence of Cipriano and the damages alleged. Even assuming Cipriano had advised Russ to submit a G.L.c. 40B application, or to seek a modification of its special permit, the outcome of either petition before the Board is at best conjectural. Russ’s submissions in opposition to summary judgment do not contradict this fact.
The mere possibility that Cipriano’s negligence caused Russ to suffer harm is not sufficient to take the case to a jury. Toubiana v. Priestly, 402 Mass. 84, 91 (1988); Girardi v. Gabriel, 38 Mass.App.Ct. 553, 560 (1995). See 1 Mallen & Smith, Legal Malpractice §8.5, at 806 (5th ed. 2000) (“The causal link between the lawyer’s conduct and the injury must be based on more than speculation. A logical explanation or theory of how the lawyer’s conduct may have caused the loss is still speculation”). Russ simply cannot prove that non-negligent conduct would have resulted in a different outcome, let alone a better outcome. As a matter of law, this negates Russ’s claim that the loss it sustained on the Southborough Meadows project was proximately caused by Cipriano’s alleged malpractice with respect to any advice he gave during the permitting process.
Such a conclusion is also fatal to Russ’s G.L.c. 93A claim. See Darviris v. Petros, 442 Mass. 274, 278 (2004) (“[A] violation of G.L.c. 93A requires, at the very least, more than a finding of mere negligence .. .”); McCann v. Davis, Malm & D’Agostine, 423 Mass. 558, 561 (1996) (upholding the denial of a G.L.c. 93A claim where the evidence did not compel a finding that the defendants’ negligence was the proximate cause of the plaintiffs damages). Accordingly, Russ’s claims are dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant, Aldo Cipriano’s, Motion for Summary Judgment be ALLOWED.

Russ Developers, Inc. incorrectly identified itself in the complaint as Russ Development, Inc.